## HATHAWAY *v.* THE TOLEDO, WABASH, AND WESTERN RAILWAY COMPANY.

PLEADING.—*Negligence.*—*Answer.*—In an action to recover for an injury alleged to have been caused by the negligence of the defendant, the complaint must allege that the injury resulted without any negligence on the part of the plaintiff contributing thereto, and an answer alleging facts showing that the negligence of the plaintiff contributed to the injury, or facts showing that the injury was caused solely by the plaintiff's negligence, is sufficient on demurrer, though unnecessary where the general denial is pleaded.

NEGLIGENCE.—*Contributory Negligence.*—In all cases where ordinary negligence on the part of the defendant is sufficient to infer liability, it is a sufficient defence to show that there was contributory negligence on the part of the plaintiff.

SAME.—In such a case it is a sufficient defence to show that although the negligence of the defendant was a cause, and even the primary cause of the occurrence, yet the occurrence would not have happened without a certain degree of blamable negligence on the part of the plaintiff.

SAME.—*Infant Plaintiff.*—These rules apply where a child is the plaintiff, whether the fault is that of the child or the negligence of the person having the care of the child.

From the White Common Pleas.

*B. B. Daily* and *L. B. Sims,* for appellant.

*W. Z. Stuart,* for appellee.

DOWNEY, C. J.—This action was brought by the appellant against the appellee, to recover for an injury caused by a locomotive and freight train running over her, and so crushing one of her legs that it had to be amputated, etc. The injuries, it is alleged, were caused by the negligence and wilful misconduct of the agents and servants of the defendant in charge of the train. The action was commenced in Carroll county, but in consequence of a change of venue was tried in White county.

The defendant pleaded the general denial, and also two special paragraphs.

A demurrer to the special paragraphs was overruled by the court, and the plaintiff excepted. A trial by jury resulted in a general verdict for the defendant, and also the following special findings made at the request of the plaintiff:

"1. Did the defendant, on or about the 4th day of March, 1867, run her train of cars on the plaintiff's leg and thereby so crush and mangle the same that amputation thereof was necessary?

"Answer. Yes.

"2. Did the defendant by her employees and servants use and exercise ordinary care in operating and running her train by which the plaintiff was injured as charged in her complaint?

"Answer. No.

"3. Was the defendant guilty of negligence in the manner of running her train on the afternoon of the 4th of March, 1867, and did such negligence cause the injury to the plaintiff as alleged in her complaint?

"Answer. No."

There is a conflict between the second and third of these special findings, as the second finds that the defendant did not by its servants exercise ordinary care in operating and running the train by which the plaintiff was injured, and the

third finds that the defendant was not guilty of negligence in the manner of running the same train at the same time. If the company did not exercise ordinary care, it was guilty of negligence. It is not important, however, that this matter should be further noticed, as the case cannot turn upon it. The findings probably neutralize each other.

A motion made by the plaintiff for a new trial was overruled, there was an exception, and the evidence was put in the record by a bill of exceptions. Final judgment was rendered for the defendant.

In the assignment of errors, it is alleged that the court erred in the following particulars:

1. In overruling the plaintiff's demurrer to the second and third paragraphs of the answer; and,

2. In overruling the plaintiff's motion for a new trial.

Other errors are alleged but they are embraced in that last named.

The second paragraph of the answer alleges facts showing that the negligence of the plaintiff contributed to the injury; and the second avers that the injury was not merely contributed to, but was actually caused solely, by the plaintiff's own negligence. We think the paragraphs in question were sufficient, although they were, probably, unnecessary. It has been constantly held in this State, that in the declaration or complaint in such cases, it must be alleged that the injury resulted without any negligence contributing thereto on the part of the plaintiff. The general denial would, therefore, seem to involve this question without any special paragraphs such as were pleaded in this case.

The railroad runs east and west, or nearly so, through the city of Delphi, where the injury occurred, crossing Indiana street at a right angle. The father of the plaintiff lived in a house fronting east on Indiana street twenty or thirty yards north from the railroad crossing. The train consisted of a locomotive, tender, five freight cars, and a caboose, and was going east. The plaintiff was at the time a little over five years of age. Her father and mother were absent from

Hathaway *v.* The Toledo, etc., R. W. Co.

their residence, and she had no attendant. As the train approached the crossing of Indiana street, on the day alluded to, at about four and a half o'clock in the afternoon, a number of school children, and among them a sister of the plaintiff, were approaching the crossing from the south, on the east side of Indiana street. The plaintiff came out of the gate at her father's house on the west side of that street, and started to cross the railroad, going in a south-east direction towards the point where the school children were. According to the testimony of most of the witnesses, she seemed not to notice or heed the approaching train, but passed rapidly to the crossing, and there received the injury complained of. Some of the witnesses for the plaintiff testified that no signals of the approaching train were given by the whistle or the bell, while those of the railroad company who testified swore that the usual signal was given by the ringing of the bell. The train was about the width of a square from the crossing when the plaintiff came out of her father's gate. When she first came out of the gate, she could not have seen the train, but she could have seen it from the time she got half way to the crossing. She was knocked down and the whole train passed over her. The train was stopped fifteen or twenty feet from where she lay. She was afterward carried to her father's house by some of the men on the train. Neither her father nor mother was at the house when she was carried into the house. The engineer testified that he saw some children on the right of the road, and could see that the road was clear as he approached the crossing; that at the crossing the fireman said to him there was something under the engine; that he stopped the train as soon as he could and got off, etc.

The fireman swore that they started out from the station and proceeded about twenty-five or thirty rods when he looked out and saw a little child on the north side of the track standing still, twenty or thirty feet from the track. Very soon after he saw the child, she started to run across the track ahead of the engine. She might have been the

length of the engine ahead of it when he saw her, but he hardly thought she was. As soon as he saw her start to cross the track he spoke to the engineer to stop the train, and he immediately reversed the engine. Before it could be stopped it had struck the child and broken one of its legs. The conductor immediately got out, picked up the child, and took it into the house, etc.

It appears from the evidence that the engineer was at the south side of the cab, and could not see farther to the left than to the left or north side of the track.

One of the reasons for a new trial was, that the evidence was not sufficient to sustain the verdict of the jury. Another was, that the court erred in modifying certain charges asked by the plaintiff by adding the words, " where the negligence of the plaintiff did not contribute to such injury." Another was, that the court had misdirected the jury in the giving of the third, fourth, fifth, seventh, eighth, ninth, tenth, eleventh, twelfth, thirteenth, fourteenth, eighteenth, and twenty-first instructions asked by the defendant.

It is evident from the reference which has been made to the facts of the case, that we cannot reverse the judgment on the ground that the evidence is not sufficient to support the verdict. The judgment must be affirmed, if there is no other ground on which it should be reversed.

It is not necessary to set out all the instructions to dispose of the questions presented relating to them. The settlement of a few legal propositions will, when applied to them, dispose of this part of the case.

The first question is, to what extent is the appellant, the child, or its parents, chargeable with the consequences of contributory negligence by it or by them? In all cases where ordinary negligence is sufficient to infer liability, it is a sufficient defence to show that there was contributory negligence on the part of the plaintiff; that is to say, to show, that although the negligence of the defendant was a cause, and even the primary cause of the occurrence, yet the occurrence would not have happened without a certain degree of

blamable negligence on the part of the plaintiff. Campbell Law of Negligence, sec. 81. To the same effect are numerous decisions of this court, many of which are collected in *The Toledo and Wabash Railway Co.* v. *Goddard*, 25 Ind. 185.

It seems harsh to apply this doctrine to a case where damage occurs to a child, and yet the application is made, and this whether the fault is that of the child itself or the negligence of the person under whose immediate care it is. Campbell Negligence, sec. 81. This doctrine is sanctioned by several decisions of this court. *The Pittsburgh, Fort Wayne, and Chicago R. W. Co.* v. *Vining's Adm'r*, 27 Ind. 513; *The Lafayette, etc., Railroad Co.* v. *Huffman*, 28 Ind. 287; *The Jeffersonville, etc., R. R. Co.* v. *Bowen*, 40 Ind. 545. The modifications of the instructions asked by the plaintiff, and the instructions given by the court upon request of the defendant on the same subject, were in substantial conformity to the rule as laid down in the authorities to which we have referred, and hence, we must hold, not erroneous.

The court, at the request of the defendant, instructed the jury as follows: " When a person crossing a railroad track is injured by collision with a train, the fault is, *prima facie*, his own, and he must show affirmatively, that his fault or negligence did not contribute to the injury, before he is entitled to recover for such injury." This instruction means no more, we think, than that in such cases it must be made to appear by the plaintiff that the injury occurred without blamable negligence on his part, before he can recover. Such, we think, is the law, as established by the authorities to which we have referred in another part of this opinion.

There is no other question in the case.

The judgment is affirmed, with costs.

Opinion filed November term, 1873; petition for a rehearing overruled May term, 1874.