No. 12,139.

## THE CINCINNATI, INDIANAPOLIS, ST. LOUIS AND CHICAGO RAILWAY COMPANY *v.* HOWARD.

RAILROAD.—*Accident at Crossing.—Evidence.— Res Gestœ.*—In an action for injuries sustained at a railroad crossing by collision with a train, it was competent for the plaintiff's mother, who was present when her husband and daughter left home on the evening of the accident, to testify as to what was said as to their destination when about to depart, such evidence being a part of the *res gestœ.*

SAME.—*Injury by Collision with Train at Crossing.—Contributory Negligence.— Burden on Injured Party.*—Where a party crossing a railroad track is injured by a collision with a train, the fault is, *prima facie,* his own, and he must show affirmatively that his fault or negligence did not contribute to the injury before he is entitled to recover for such injury.

SAME.—*Vigilance.—Burden of Proof.—Train Making up Time.*—The burden is on one injured by a collision with a train at a railroad crossing to show by a preponderance of the evidence that he vigilantly used his eyes and ears to ascertain if a train of cars was approaching. The fact that the train is behind time, and is running faster than usual at the crossing, does not excuse him from exercising the care and caution required of him when the train is running at its usual rate.

SAME.—*Erroneous Instruction.—Obstruction of View.—Failure to Give Signals. —Contributory Negligence.*—It was error to instruct the jury that if the view was obstructed and there was a failure to ring the bell or sound the whistle within eighty rods of the crossing, they might infer want of contributory negligence in attempting to cross the railroad track under any circumstances which would have made it reasonably safe on the supposition that the engine and train were eighty rods away.

SAME.—*Instruction.—Contributory Negligence.—Inference to be Drawn by Jury. —*An instruction that if the whistle was not sounded nor the bell rung this was a circumstance tending to show want of contributory negligence is erroneous; as, also, is an instruction that if there is nothing in the

The Cincinnati, Indianapolis, St. Louis and Chicago R'y Co. v. Howard.

evidence tending to show contributory negligence the jury may, without proof, infer there was none.

SAME.—*Instruction.—Care Required in Case of Obstruction to Sight or Hearing.* —It is proper to instruct the jury that if there were any obstructions to sight or hearing in the direction of the approaching train as the plaintiff neared the crossing, the obstructions required increased care on the part of the plaintiff in approaching the crossing. The care must be in proportion to the increase of danger that may come from the use of a highway at such a place.

EVIDENCE.—*Objection to.—Must be Specific.*—No question is presented by an objection that offered evidence is "incompetent, irrelevant and immaterial." The objection must be specific.

SAME.—*Examination of Parties.—Admission in Evidence of Answers to Interrogatories.—Objection of Irrelevancy.*—The plaintiff having the right to introduce in evidence the answers to questions propounded to the defendant (section 359, R. S. 1881), the defendant can not complain of their introduction on the ground of irrelevancy, since if the *interrogatories* are irrelevant he should move their rejection, and if the *answers* are irrelevant the fault is his own.

From the Marion Superior Court.

*T. A. Hendricks, A. W. Hendricks, C. Baker, O. B. Hord, A. Baker* and *E. Daniels*, for appellant.

*L. Ritter, E. F. Ritter* and *B. W. Ritter*, for appellee.

BERKSHIRE, C. J.—The appellee was the plaintiff below and appellant the defendant. The *gravamen* of the action is negligence, and in the complaint there is the proper negation of contributory negligence.

The appellant answered in general denial.

The cause was submitted to a jury for trial, a verdict returned in favor of the appellee, and over a motion for a new trial judgment was rendered upon the verdict. From the judgment at special term an appeal was taken to general term, and from its judgment affirming the judgment in special term this appeal is prosecuted.

Several errors have been assigned, but we are only concerned with certain questions arising out of the court's action in overruling the motion for a new trial.

It is not our province to determine whether the twenty

sixth question put by the appellee to the witness John Kissel, and his answer thereto, were or were not improper, for the reason that no specific objection was made to the same. It has been held time and again that a general objection to the admission of evidence in answer to a question propounded to a witness raises no question for our consideration. The objection which we find in the record is that the evidence " is improper and incompetent." This is a stereotyped objection to the admission of offered evidence that is without value for any purpose.

There is no available error in the record as to the ruling of the court in allowing the witness Oliver Klingensmith to answer question twenty-seven, propounded to him by the appellee. The objection made was : " We object to it as not rebutting anything, and as incompetent and irrelevant, and immaterial, and having nothing to do with the matter." The objection is too general, but in view of the testimony as to the distance the road crossings were from each other, introduced by the appellant, and the further testimony introduced by the appellant as to the different points at which the whistle was sounded, we are of the opinion that the question and answer were proper. The illustrations given by counsel for the appellant in their original brief are not parallel cases. What we have said as to the question put and answer given thereto by the witness Oliver Klingensmith, applies equally to the question propounded to Francis Mathes and his answer to the same.

The objection to the twenty-first question asked of Mrs. Sarah F. Howard, and' her answer thereto, is that the evidence " is incompetent, irrelevant and immaterial." The objection is unavailing.

The objections to questions seventeen and eighteen, propounded to this witness, and her answers thereto, are unavailing.

The testimony was not improper. The witness was the mother of the appellee and the wife of Dr. Howard, who

lost his life. in the accident involved in this controversy. When the husband and daughter left their home, which was also the home of the witness, on the fatal evening, she was present. What was said when they were about to depart as to their destination was not mere hearsay, but was a part of the *res gestœ*. It was preliminary to what afterwards happened. Such testimony is always competent.

The appellee was permitted by the court to introduce in evidence certain answers given to certain interrogatories propounded by the appellee to the appellant.

Section 359, R. S. 1881, entitled the appellee to propound interrogatories to the appellant relative to the matter in controversy, and required the appellant to answer the same. After the interrogatories had been answered, by virtue of the same section of the statute, it was the appellee's right to introduce the answers in evidence if she so desired. If the interrogatories were not relevant the appellant should have moved their rejection; if the appellant gave irrelevant answers to the interrogatories, that was its own fault, and it can not complain that they were introduced in evidence.

This brings us to the questions arising in the record because of the instructions given to the jury by the court and those refused.

This is an action to recover damages because of injuries to the appellee occasioned by an accident occurring at a point where the appellant's railroad crosses a certain highway located in Marion county, Indiana.

The appellee and her father, Dr. Howard, were in a buggy, drawn by one horse, and were in the act of passing over the railroad track when struck by one of the appellant's locomotive engines pulling a train of cars along its said railroad and across said highway.

The correctness of the instructions depends upon the duties and liabilities of the parties under the recognized rules of law in such cases. And at this point, as well as at any other, we may state that there was a conflict in the evidence as to

whether the whistle was sounded and the bell rung as the statute law of the State then required, and the jury having found that they were not, we are concluded by the finding, and in the further consideration of the case shall take it for granted that the appellant was guilty of negligence contributing to the disaster.

This will leave but the one main fact, and the questions which are involved relating to it, the want of contributory negligence on the appellee's part.

In *Hathaway* v. *Toledo, etc., R. W. Co.*, 46 Ind. 25, the following instruction was held to be correct as a statement of the law: "When a person crossing a railroad track is injured by a collision with a train, the fault is, *prima facie*, his own, and he must show affirmatively, that his fault or negligence did not contribute to the injury, before he is entitled to recover for such injury."

In the case of *Cincinnati, etc., R. R. Co.* v. *Butler*, 103 Ind. 31, it is said: "In cases where contributory negligence may be claimed, it is settled in this court that the absence of contributory negligence is part of the plaintiff's case, both as to averment and proof."

In *Lyons* v. *Terre Haute, etc., R. R. Co.*, 101 Ind. 419, it is said: "It is too well settled to admit of debate that a party who sues for an injury to person or property resulting from negligence must prove that he was himself without negligence. *Cincinnati, etc., R. W. Co.* v. *Hiltzhauer*, 99 Ind. 486, and authorities cited."

In *Indiana, etc., R. W. Co.* v. *Greene*, 106 Ind. 279, it is said by this court: "It may suffice to say, since it is the established rule of this court, as it is of the courts in a large majority of the States, that it must be affirmatively shown that the injured party was in the exercise of due care at the time the accident occurred. At least, it must be made to appear that want of care on his part in no way contributed to bring about the injury, or helped to produce the accident for which compensation is sought."

The Cincinnati, Indianapolis, St. Louis and Chicago R'y Co. v. Howard.

In view of these authorities the following instructions asked by the appellee, and given by the court, were erroneous:

"No. 2. A traveller upon a public highway in this State has a right to assume that a railroad company, whose track crosses such highway, will obey the law and give the signals required by law upon the approach of trains to such crossing, and (although the failure to give such signals does not release the traveller from exercising due care), if no such signals are given, and the view is obstructed and there are no indications to the contrary, the traveller, is not guilty of contributory negligence in assuming that no train is advancing upon such crossing within eighty rods thereof.

"No. 4. The burden is upon the plaintiff to show that there was no negligence upon her part contributing to the injury complained of; but this need not necessarily be shown by directly affirmative evidence, but may be shown by proving the facts and circumstances from which it may be inferred. If all of the circumstances under which the said injury occurred are put in evidence, and upon an examination of them nothing is found in acts or omissions showing contributory negligence, or ground for suspecting or inferring such negligence on the part of the plaintiff, the inference of care upon her part may be drawn from the absence of all appearance of fault, either positive or negative, on the part of plaintiff, in the circumstances under which the injury was received; and in considering the question of due care on her part, you have a right to take into consideration, together with the other facts and circumstances in the case, the instinct of self-preservation and the known and ordinary disposition of all persons to guard themselves against danger.

"No. 5. It was the duty of the defendant, by her employees in charge of such train in approaching said crossing, when not less than eighty (80) nor more than one hundred (100) rods distant therefrom, to sound the whistle on such

engine distinctly three (3) times, and to ring the bell upon such engine continuously from the time of sounding such whistle until such engine had fully passed said crossing; and although the failure to give such warning of the approach of such train, did not relieve the plaintiff from exercising due care to avoid the injury, yet if no such warning was given, the absence of such warning is a circumstance to be considered in determining whether such care was exercised by the plaintiff."

The second instruction could have lead the jury to no other conclusion, if the view was in some way obstructed between that part of the highway over which the appellee was approaching the crossing and the railroad, and there had been a failure to sound the whistle attached to the locomotive engine or ring its bell within eighty rods of the crossing, and if she could have crossed in safety had the approaching train been eighty rods away, than that she was not guilty of contributory negligence, even though she drove upon the crossing without stopping to look or listen for an approaching train. In other words, from a slight obstruction of the view, and a failure to ring the bell or sound the whistle, the jury might infer want of contributory negligence in attempting to cross the railroad track under any circumstances which would have made it reasonably safe on the supposition that the engine and train were eighty rods away.

By the fourth instruction the jury are told, substantially, that if there is nothing in the evidence tending to show contributory negligence, they may without proof infer there was no such negligence.

By the fifth instruction the jury are told that if the whistle was not sounded nor the bell rung, this was a circumstance tending to show want of contributory negligence, and as a logical sequence (if it were a circumstance in that direction), the jury were told that they might find therefrom that it was sufficient to establish the fact, as it was for them to determine as to the weight of the evidence.

This very instruction may have misled the jury, and caused them to find want of contributory negligence.

The court should have given instructions numbers three, eight and eleven, or their equivalent, asked by the appellant, as they stated the law correctly, and were applicable to the evidence :

" No. 3. The burden is on the plaintiff to show, by a preponderance of the evidence, that she and her father vigilantly used their eyes and ears to ascertain if a train of cars was approaching, and if this has not been shown to you by a preponderance of the evidence, the plaintiff can not recover."

" No. 8. When a person crossing a railroad track is injured by collision with a train, the fault is, *prima facie*, her own, and she must show affirmatively that her fault or negligence did not contribute to the injury before she is entitled to recover for such injury."

" No. 11. The fact that the train was behind time, and was running faster than its usual speed at the crossing to make up time, did not excuse the plaintiff or her father from exercising the care and caution required of them when the train was on time, and running at its usual rate of speed at that crossing."

In *Hinckley* v. *Cape Cod R. R. Co.*, 120 Mass. 257, it is said :   " Mere proof that the negligence of the defendant was a cause adequate to have produced the injury will not enable a plaintiff to recover, as it does not necessarily give rise to the inference of due care upon his part, proof of which is essential to his case."   See *Sherlock* v. *Alling*, 44 Ind. 184.

In *Indiana, etc., R. W. Co.* v. *Greene, supra*, it is further said : " The facts and circumstances, illustrating the conduct of the injured person at the time of the accident, must be made to appear. If from these the inference can be drawn that proper caution was exercised, it may then be said, the presumption of contributory negligence has been affirmatively removed."   The trial court in that case gave the fol-

lowing instruction : " The allegation that the injury occurred without the fault or negligence of the plaintiff's .intestate, must be proved by the plaintiff, but at the same time it is a negative averment, and if the plaintiff has shown by the evidence that the injury occurred as charged, resulting in the death of the plaintiff's intestate, and that it was caused by the negligence of the defendant as charged, without showing any contributory negligence or ground for inferring, or reasonably suspecting such negligence, she will be entitled to recover without making direct and affirmative proof on that subject.   In the absence of circumstances to show or suggest it, there is no presumption of contributory negligence."

This instruction was held to be erroneous, and the court said, speaking of the appellant :   " He must show the facts, as well those which relate to his share in the transaction as those which relate to the defendant's, and if upon the whole case the inference of negligence arises against the defendant, and of due care on his part, he may recover.   The fact that a person travelling on a highway comes in collision with a train on a railway crossing is of itself sufficient to suggest a presumption of contributory negligence against him in a suit for compensation." *Cincinnati, etc., R. R. Co.* v. *Butler, supra; Hathaway* v. *Toledo, etc., R. W. Co., supra;* see *Toledo, etc., R. W. Co.* v. *Brannagan,* 75 Ind. 490, upon the last proposition above.

It is the rule that a person before crossing a railroad track must stop, look, and listen, and it applies to pedestrians as well as to others.   *Pennsylvania R. W. Co.* v. *Aiken,* 18 Atl. Rep. (Pa.) 619; *Butler* v. *Gettysburg, etc., R. R. Co.,* 126 Pa. St. 160.

In *Allen* v. *Maine, etc., R. R. Co.,* 19 Atl. Rep. (Me.) 105, it is said : " The evidence shows that, at twenty-five or thirty feet from the crossing, the approaching train from Bath might have been seen by the plaintiff several hundred feet distant from the crossing.   The plaintiff did not look in that direction until his horse's forefeet were between the rails.

The Cincinnati, Indianapolis, St. Louis and Chicago R'y Co. v. Howard.

Was the neglect on his part to look in that direction a want of ordinary care and prudence ?. Is a traveller justified in driving upon a railroad crossing, in the absence of safety signals giving him the right to cross, without looking for an approaching train ? It has been many times decided in this court that the traveller, before crossing a railroad must both look and listen. * * If the crossing at which the plaintiff was injured is so constructed that an approaching train can not be seen until a traveller comes very near to the railroad track, common prudence requires him to approach at such speed that when an approaching train may be seen, he may be able to stop, and allow such train to pass."

To the same effect are our own cases. *Cincinnati, etc., R. R. Co.* v. *Butler, supra,* and cases cited ; *Indiana, etc., R. W. Co.* v. *Greene, supra.* See, upon these different propositions, *Chicago, etc., R. W. Co.* v. *Hedges,* 118 Ind. 5 ; *Cones* v. *Cincinnati, etc., R. W. Co.,* 114 Ind. 328 ; *Ohio, etc., R. W. Co.* v. *Hill,* 117 Ind. 56 ; *Lake Shore, etc., R. W. Co.* v. *Pinchin,* 112 Ind. 592 ; *Indiana, etc., R. W. Co.* v. *Hammock,* 113 Ind. 1.

In the light of these authorities the following instruction requested by the appellee, and given by the court, was erroneous :

" No. 8. There is no rule of law which requires a traveller upon a public highway, in approaching a railroad crossing, to stop his team still. But, in determining the question of plaintiff's contributory negligence, it is for you to say whether the course pursued by the plaintiff was such as would have been adopted by an ordinarily cautious and prudent person, in the exercise of reasonable care to avoid injury, under the facts and circumstances of this case as disclosed by the evidence. And I leave it for you to say whether there were such obstructions to the view of the train that did the injury, and such lack of warning on the part of the defendant of its approach as would lead an ordinarily cau-

tious and prudent man, in the exercise of reasonable care to avoid injury, to believe that no train was approaching within such distance of the crossing as to make his endeavor to pass the same dangerous."

From this instruction the jury could well infer, if it appeared that there was some lack of warning that the train was approaching the crossing, and that the view between the appellee and the approaching train was obstructed, that it then became a question for their determination as to whether such lack of warning, together with the obstructed view, were sufficient to lead a person of ordinary prudence and judgment to the conclusion that there was no train approaching within such a distance as to render it unsafe for the appellee and her father to attempt to pass over the track; and if so, then they were not guilty of negligence in attempting to pass over without first stopping and exercising their senses of hearing and sight.

In our opinion instruction number fifteen, asked by the appellant, contained a correct statement of the law, and should have been given. This instruction reads thus:

"No. 15. If there were any obstructions to sight or hearing in the direction of the approaching train, as the plaintiff and her father neared the crossing, the obstructions required increased care on the part of the plaintiff and her father on approaching the crossing. In such case the care must be in proportion to the increase of the danger that may come from the use of the highway at such a place."

When applied to the evidence in the case, all of the foregoing instructions asked by the appellant were exceedingly pertinent as well as proper.

While we do not condemn instruction number one, asked by the appellee and given by the court, in the abstract, we think that there was no evidence which made it pertinent, and that it was calculated to mislead the jury. The said instruction is as follows:

The Cincinnati, Indianapolis, St. Louis and Chicago R'y Co. v. Howard.

" No. 1. If you find from the evidence that the plaintiff was injurèd by the defendant's train while travelling upon a public highway, as alleged in her complaint, that the whistle was not sounded and the bell rung as required by law, as said train approached said crossing, and that plaintiff was misled by defendant's failure to give such warning, and without fault or negligence on her part, and without notice of the approach of said train, was placed in a position of great peril, and, in the excitement of that peril, and in the effort to escape, made a mistake as to the proper course to be pursued, and injury resulted, such error of judgment is not contributory negligence and will not bar a recovery by her for the injury sustained."

We may add further, that we find no evidence tending to rebut contributory negligence on the appellee's part.    In view of the authorities, not a circumstance.

As to the circumstances which found the appellant and her father on the crossing when the misfortune overtook them, the evidence is an entire blank.    Whether or not they saw the train approaching, or heard the sound which a moving train gives out, and were deceived as to the distance it was from them and attempted to cross the track notwithstanding, we do not know.    The rate of speed at which they approached the crossing, and whether or not they stopped and exercised their senses of hearing and sight, are facts which do not appear in the evidence.

In view of the authorities which we have cited, and especially the cases of *Indiana, etc., R. W. Co.* v. *Greene, supra,* and *Cincinnati, etc., R. R. Co.* v. *Butler, supra,* the case at bar seems to have been tried upon a theory entirely erroneous. The case of *Pittsburgh, etc., R. W. Co.* v. *Martin,* 82 Ind. 476, relied upon by the appellee, is not in harmony with our earlier cases, and is out of line with those more recent, the later cases following the earlier ones, and upon the questions involved in the present case can not be regarded as an

authority since the case of *Cincinnati, etc., R. R. Co.* v. *Butler, supra.* The judgment must be reversed.

Judgment reversed, with costs.

