The Louisville, New Albany and Chicago Railway Company v. Stommel.

### No. 14,103.

## THE LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY COMPANY v. STOMMEL.

VERDICT.—*Answers to Interrogatories.*—*Judgment Non Obstante Veredicto.*—*Motion for.*—Unless the answers to interrogatories are so inconsistent with the general verdict as to override it, a motion for judgment *non obstante veredicto* may be properly overruled.

NEGLIGENCE.—*Pleading.*—*Sufficiency of Complaint.*—A complaint in an action for negligence which alleges facts sufficient to show negligence on the part of the defendant, and avers that there was no contributory negligence on the part of the plaintiff, is sufficient, unless it affirmatively appears notwithstanding these allegations that there was an absence of negligence on the defendant's part, or the presence of negligence on the part of the plaintiff.

RAILROAD.—*Accident at Crossing.*—*Negligence in Running Train.*—*Instruction Requested.*—In an action for damages against a railroad company for injuries to plaintiff's team at a railroad crossing, caused by the alleged negligence of the company, an instruction requested that the fact that the train " was, at the time, running twenty, thirty, or forty miles an hour, constitutes no element of negligence; or under the other facts proven shows the defendant, or its servants, to have been wilfully careless of the consequences of such running," may be properly refused, because it is confused and misleading, and because it was not a question as to whether the company's servants were guilty of wilful conduct. Whether the rate of speed at which the train was running constituted an element of negligence was a question of fact for the jury under all the circumstances of the case, and not a question of law for the court.

SAME.—*Injury at Crossing.*— *What Plaintiff Must Show to Recover for.*—*Contributory Negligence.*—Where a person is injured while crossing a railroad track, either in person or property, by a collision with a train, the fault is *prima facie* his own, and he must affirmatively show that his fault, or negligence, did not contribute to the injury, to recover.

SAME.—*Management of Team.*—*Responsibility of Owner for Servant's Conduct.*—One whose team is injured by a collision with a train at a railroad crossing while it is in the charge of his servant, is responsible for the conduct of the servant at the time of the accident, and if he did not exercise due care the owner is chargeable with such want of care, and can not recover.

SAME —*Vigilance Required of One Crossing Track.*—A railroad track is, of itself, a warning to those who go upon it, and persons about to cross it are bound to recognize the danger, and to make use of the sense of hearing as well as that of sight; and if one can not be made available the obligation to use the other is the stronger to ascertain, before attempt-

ing to make the crossing, whether or not a train is in dangerous proximity; and if one neglects to do this, but carelessly ventures upon the track and is injured, it must be at his own risk. Such conduct is sufficient of itself to defeat a recovery.

SAME.—*Crossing Unusually Dangerous.* — *Extraordinary Vigilance.*—Where a crossing is particularly dangerous, and requires extraordinary effort to ascertain whether it is safe to attempt to pass over it, one familiar with the locality and danger surrounding it must use care proportionate to the probable danger.

SAME.—*Duty of One Approaching.*—*Failure to Give Signals.*—*Contributory Negligence.*—It is the duty of one approaching a railroad crossing to stop and look for an approaching train, if there is any point within a reasonable distance from the crossing from which he can observe a train approaching; and if no train is to be seen it is his duty, when nearing the crossing to stop and listen for the sound which ordinarily follows a moving train. The failure of the company's employees to give the signals required by statute does not enter into the question of contributory negligence.

WITNESS.—*Credibility of.*—*Question for Jury.*—The credibility of witnesses and the weight to be given their testimony, are always questions for the jury; and 'an instruction requested, that under certain circumstances positive testimony given by one witness'is entitled to more weight than negative testimony given by another, may be properly refused.

From the Lake Circuit Court.

*G. R. Eldridge, G. W. Friedley, T. L. Sullivan, A. Q. Jones* and *W. C. McMahon,* for appellant.

*J. W. Youche,* for appellee.

BERKSHIRE, C. J.—This was an action instituted by the appellee against the appellant to recover damages for two horses killed and a wagon destroyed because of the alleged negligence of the employees of the appellant in running and operating a locomotive and train of cars of which it was the owner, over and along its line of railroad.

The appellee has filed no brief, and, therefore, we are without the benefit of an argument in support of the various rulings of the trial court complained of.

The case was put at issue by an answer in general denial after a demurrer had been addressed to the complaint and overruled. The issue joined was submitted to a jury, who,

after hearing the evidence, returned a verdict for the appellee, and returned therewith certain interrogatories propounded to them with their answers thereto.

The appellant moved for a judgment in its favor *non obstante,* because of the answers to the interrogatories. The court overruled this motion and the appellant then filed a motion for a new trial, which was also overruled and judgment rendered for the appellee. To all of these adverse rulings of the court the appellant reserved exceptions.

Several errors have been assigned to which we need not make special reference, for the reason that the questions considered will sufficiently appear in the opinion without such reference.

We regard the second paragraph of the complaint (it being the one upon which the verdict depends) as good. It alleges facts sufficient to show negligence on the part of the appellant, and contains the usual negative averment that there was no contributory negligence on the part of the appellee. This renders the complaint good, unless it affirmatively appears, notwithstanding these allegations, that there was an absence of negligence on the appellant's part, or the presence of negligence on the part of the appellee, and neither is made to appear.

The answers of the jury to the interrogatories are not so inconsistent with the general verdict as to override it, hence there was no error in overruling this motion *non obstante.*

This brings us to the motion for a new trial. Certain questions are raised by the motion for a new trial because of the rejection of certain testimony offered by the appellant.

As the judgment will have to be reversed for other reasons, and as these questions may not arise on another trial, we do not stop to consider them.

The appellant requested certain instructions, which were refused by the court.

The instructions are fourteen in number, and it was the duty of the court to give all of them, or their equivalent,

from one to twelve inclusive, except the tenth and twelfth. We have not considered the thirteenth and fourteenth, for the reason that counsel for appellant have waived their consideration by failing to call attention thereto in their brief.

The tenth did not state the law correctly in this particular: "That the defendant's train, which is charged did the injury, was at the time running twenty, thirty, or forty miles an hour, constitutes no element of negligence; or under the other facts proven shows the defendant, or its servants, to have been wilfully careless of the consequences of such running."

The language of the instruction is confused, and was calculated to mislead the jury; besides, it was not a question in the case as to whether the appellant's servants were guilty of wilful conduct.

Whether the rate of speed at which the train was running constituted an element of negligence was a question of fact for the jury, under all the circumstances of the case, and not a question of law for the court.

In the twelfth instruction the court was asked to instruct the jury that, under certain circumstances, positive testimony given by one witness is entitled to more weight than negative testimony given by another. The credibility of witnesses, and the weight to be given to their testimony, are always questions for the jury.

The instructions of the court substantially covered the instructions asked by the appellant, numbered 4, 6 and 11, and we need not, therefore, spend any time with those instructions.

By the first instruction the court was requested to say to the jury that when a person is injured while crossing a railroad track, either in person or property, by a collision with a train, the fault is *prima facie* his own, and he must affirmatively show that his fault or negligence did not contribute to the injury to entitle him to a recovery; and that the appellee was not entitled to recover unless he made it appear

by a fair preponderance of evidence that his servant, William Stommel, was not, under the circumstances, guilty of contributory negligence.

This instruction states the law correctly. The court stated, in a general way, that the appellee was required, to entitle him to recover, to show by a preponderance of evidence negligence on the part of the company, and its absence on the part of his servant, but the appellant had the right to have the law stated more strongly in its favor. The jury might well have inferred from the court's instruction that upon the question of contributory negligence the scales were standing at a balance, and if so, it would require a less weight of evidence to induce a finding for the appellee upon that question than if the jury had understood that the scales were turned in favor of the appellant's side of the question. That the instruction requested was proper see *Cincinnati, etc., R. W. Co.* v. *Howard*, 124 Ind. 280, and cases cited; *Cincinnati, etc., R. R. Co.* v. *Butler*, 103 Ind. 31; *Hathaway* v. *Toledo, etc., R. W. Co.*, 46 Ind. 25.

By the second instruction the court was requested to inform the jury that the appellee was responsible for the conduct of his servant in charge of his team at the time of the accident, and that if the latter did not exercise due care the appellee was chargeable with such want of care, and could not recover.

There can be no question but that this instruction stated the law correctly, and in the light of the evidence should have been given.

The third instruction would have informed the jury, had it been given, that a railroad track is of itself a warning to those who go upon it, and that persons about to cross it are bound to recognize the danger, and to make use of the sense of hearing as well as that of sight; and, if one can not be made available, the obligation to use the other is the stronger, to ascertain, before attempting to make the crossing, whether or not a train is in dangerous proximity; and if one neg-

lects to do this, but carelessly ventures upon the track, and is injured, it must be at his own risk; that such conduct is sufficient of itself to defeat a recovery.

This instruction stated the law correctly. All persons who are acquainted with the manner in which railroad companies operate their trains over their lines of railroad know that there is always more or less danger in going along or across a railroad track; that there is always danger from a passing train; and that safety requires that both the sense of sight and hearing must be exercised vigilantly to ascertain if a train is approaching; and, hence, a failure so to do would constitute negligence. This, we think, is self-evident.

And if the circumstances are such that but one of the senses can be exercised, it is evident to any one that the sense which can be exercised should be employed with still greater vigilance. *Mynning* v. *Detroit, etc., R. R. Co.*, 23 A. & E. R. R. Cases, 317; *Illinois Central R. R. Co.* v. *Baches*, 55 Ill. 379.

What we have said in relation to the third instruction applies to the fifth.

There was evidence tending to support the facts narrated in the fifth instruction, and as it only assumed contributory negligence in case the facts narrated were found by the jury, the instruction should have been given.

The seventh instruction is of the same character, and should have been given.

By the eighth instruction the court was asked to instruct the jury that if a crossing is particularly dangerous, and requires extraordinary effort to ascertain whether it is safe to attempt to pass over it, one familiar with the locality and danger surrounding it must use care proportionate to the probable danger.

This instruction unquestionably stated the law correctly; the greater the danger, the greater must be the care exercised.

The ninth instruction requested the court to inform the

jury that the failure of the employees of the appellant to sound the whistle and ring the bell did not enter into the question of contributory negligence.

The court not only refused to give this instruction but expressly informed the jury that it was by the express command of the statute made the duty of the employees operating the train to give the signals named, and that the appellee's servant had a right to regulate his action upon the assumption that they would give the signals, and if they failed that such failure was an element to be considered in determining whether such servant was guilty of contributory negligence or not.

The instruction requested should have been given, and the one given should have been refused. The question of contributory negligence did not depend upon what the appellant's employees did, or did not do, but upon what the appellee's servant did in the light of the *res gestœ*.

We are at a loss to understand what difference it could make as to the caution to be used by the appellee's servant whether there was or was not a statute requiring the giving of signals. It was his duty to stop and look for an approaching train, if there was any point within a reasonable distance from the crossing from which he could observe a train approaching; and if no train was to be seen it was his duty when nearing the crossing to stop and listen for the sound which ordinarily follows a moving train; and a statute requiring signals to be given, though violated, does not excuse this vigilance. *Cincinnati, etc., R. W. Co.* v. *Howard, supra; Indiana, etc., R. W. Co.* v. *Greene,* 106 Ind. 279.

The question as to whether the appellee was entitled to maintain the action for the value of the wagon destroyed is not presented by the record. There is no reason in the motion for a new trial asserting that the damages are excessive; nor is it assigned as a reason therein that the court erred in its tenth instruction to the jury.

Some of the answers to the interrogatories were not fully

answered, and it would have been proper for the court to have required the jury to retire with a view to having them return more complete answers, but as the case must be reversed for other reasons we have not stopped to consider whether the appellant was prejudiced because of this ruling of the court.

For the errors indicated the judgment must be reversed. Judgment reversed, with costs.

Filed Nov. 14, 1890.