Filed October 15, 1895.

---

No. 17,533.

LAMPORT, ADMX., *v.* THE LAKE SHORE AND MICHIGAN SOUTHERN RAILROAD CO.

RAILROAD.—*Presumptive Evidence.—Person Run Over by Train and Killed.*—A person run over by a train, while walking upon the track, will be presumed to have observed the approach of the train, or to have been able to observe it if he had listened and looked, where the train was in fact observable fifteen or twenty rods away.

SAME.—*Personal Injury.—Burden of Proof.—Trespasser.—Care.*—The burden is upon plaintiff in an action to recover for the death of a person killed by a train, while walking on a railroad track, to show that the deceased was in the exercise of reasonable care, whether he was a trespasser or not.

From the St. Joseph Circuit Court.

*A. Anderson,* for appellant.

*F. E. Baker* and *C. W. Miller*, for appellee.

McCabe, J.—The appellant, as administratrix of the estate of Hortensius M. Lamport, sued the appellee, in a complaint of two paragraphs, for ten thousand dollars damages to the widow and children of said decedent, in causing his death through the alleged negligence of the appellee, as charged in the first paragraph, and through its willfulness, as charged in the second paragraph of the complaint.

At the close of the plaintiff's evidence, the trial court instructed the jury to return a verdict for the defendant, which the jury accordingly did, upon which the appellee had judgment over appellant's motion for a new trial.

Error is assigned here on the action of the circuit court in overruling that motion. It appears from the evidence, that the decedent and his brother-in-law, Henry Boles, while approaching the appellee's station from the west, on one of the appellee's side tracks, at the village of Osceola, in St. Joseph county, were both struck and killed by a backing gravel train, in the evening of March 25, 1892.

The appellee's railroad runs east and west at said station and village, and the village, containing about 100 inhabitants, lies east of the station or passenger depot. The appellee has four tracks, all passing on the north side of the depot. Two side tracks and two main tracks; the north track and the south track are side tracks.

Boles lived on a farm a little north of west of the depot, 35 or 40 rods, the railroad running through his farm. His house was five or six rods north of the track. He had lived there 17 years.

People coming on foot from that direction to the depot were in the habit of walking on the appellee's tracks, for some distance west, up to the depot, and had been for years.

The decedent, Lamport, lived at Kendallville, Indiana. He frequently visited his brother-in-law, Boles, and was familiar with all the surroundings, the running of the trains on appellee's railroad at that place and the tracks. Outside of the road-bed, the ground was wet and soft, with some water standing in low places, though there was grass on it, and wagon loads of wheat had been frequently hauled over it, and there was no way provided for persons coming on foot from the west to the depot to avoid water and mud without walking on the road-bed of appellee. There were croquet grounds on appellee's grounds at the place, and such grounds of appellee were 15 rods wide on each side of the tracks. The decedent, Lamport, on the day mentioned, came to the house of Boles, bringing with him his mother, who was also the mother of Mrs. Boles, to stay a few days with her daughter, arriving there on a west-bound passenger train over appellee's railroad about 3:00 o'clock in the afternoon. Lamport intended to return home on the east-bound passenger train over said railroad, which was due at that station at 7:50 o'clock that evening. He and Boles started to walk from the house to the depot at about 7:30 o'clock for the purpose of Lamport taking passage on that train east to his home. No person ever saw them alive afterwards. Their dead bodies were found next morning lying on the ground, one on the north side and the other on the south side of the north side track, some distance west of the depot, and their hats were found on the back end of the last or hindmost car of the gravel train. About the time they started from Boles' house there was a freight train passed on the south main track west, and the gravel or work train passed east beyond the station about the time they started.

The gravel or work train came in on the north main

track and left the caboose standing on that track a short distance west of the depot with red lights on it, pulled up east of the depot and backed in on the north side track westward until it came west of the depot. And the facts and circumstances already narrated it is claimed were sufficient to warrant the jury in inferring that the hindmost flat-car in that train while thus backing up, struck and killed Lamport and Boles while they were walking eastward toward the depot meeting it. The evidence further shows that there was no light on that car, but it shows that that train could be seen and heard fifteen or twenty rods away. It is contended that the railroad company was guilty of negligence in not providing a safe way for passengers coming from that direction to get to the depot and not providing a light on the rear end of that train to warn pedestrians and persons approaching the depot, from that direction, of the approach of the train. The foregoing is the substance of all the evidence.

We may concede, without deciding, that the company by the foregoing facts in evidence is shown to have been guilty of negligence, and yet that is not enough to establish the appellee's cause of action as alleged in the complaint. It is alleged in the first paragraph thereof, that, "while in the exercise of ordinary care and without any fault on their part (they were) run against and struck by said flat-car and were thereby mortally injured and killed." The second paragraph charges a willful killing, but there is no claim or pretense by the appellant that there is a particle of evidence to prove such a killing. So that it is essential to prove, by some evidence, that the plaintiff's intestate was exercising ordinary care and free from fault or negligence contributing to his injury and death.

In *Mann* v. *Belt R. R., etc., Co.*, 128 Ind. 138, p. 142,

this court said : " 'When one approaches a point upon the highway, where a railroad track is crossed upon the same level, it is his plain duty to proceed with caution, and if he attempts to cross the track, either on foot or in a vehicle of any description, he must exercise, in so doing, what the law regards as ordinary care under the circumstances.  He must assume that there is danger, and act with ordinary prudence and circumspection upon that assumption.   The requirements of the law, moreover, proceed beyond the featureless generality that one must do his duty in this respect, or must exercise ordinary care under the circumstances.   The law defines precisely what the term 'ordinary care under the circumstances' shall mean in these cases.   In the progress of the law in this behalf, the question of care at railway crossings, as affecting the traveler, is no longer, as a rule, a question for the jury.   The *quantum* of care is exactly prescribed as matter of law.   In attempting to cross, the traveler must listen for signals, notice signs put up as warnings, and look attentively up and down the track. * * * If a traveler, by looking, could have seen an approaching train in time to escape, it will be presumed, in case he is injured by collision, either that he did not look, or, if he did look, that he did not heed what he saw.  Such conduct is held negligence *per se.*'"  To the same effect is *Indiana, etc., R. W. Co.* v. *Greene, Admx.,* 106 Ind. 279.  The duty to exercise care and caution is no less incumbent on one who is walking upon a railroad track, either with or without the permission of the railroad company, because, as was said in the case just quoted from, "The presence of a railroad track upon which a train may at any time pass, is notice of danger," and, as was said in *Pennsylvania Co.* v. *Meyers, Admx.,* 136 Ind. 242 (262–263), "If we were wrong in assuming that the decedent, at the time the accident occurred, had no

right to be on the track, and if, in fact, he had a legal right to be there, still if * * decedent, by his own negligence, contributed materially to the production of his own injury, then he cannot recover, because, in that case, he has no cause of action, even though the appellant's negligent conduct also contributed to the production of the injury." As was said in *Jeffersonville, etc., R. R. Co.* v. *Goldsmith*, 47 Ind. 43 (49), ''The track of a railroad belongs to the company, and is in no sense a public highway to those who are not being transported thereon. At public crossings, the public have the right to cross the track of a railroad, but in so doing all persons are required to exercise reasonable care and caution to avoid receiving injury, and the company is compelled to exercise the same degree of care and caution to prevent the infliction of injury. But between the stations and public crossings the track belongs exclusively to the company, and all persons who walk, ride, or drive thereon are trespassers, and if such persons walk, ride, or drive thereon at the sufferance or with the permission of the company, they do so subject to all the risks incident to so hazardous an undertaking."

But it is contended that the company, by failure to provide a safe approach to its passenger depot, and by long acquiescence in the use of its tracks for such purpose by the public, authorized the public and the decedent to use the tracks of appellee, as the most convenient approach to its passenger depot. As was said in *Pennsylvania Co.* v. *Meyers, Admx., supra* : ''But conceding, without deciding, that the appellee's intestate had a right to go on the railroad track of appellant for the purposes named, that did not absolve him from the duty to exercise due care for his own safety."

The burden was on appellee to show that the deceased

exercised such care. *Cincinnati, etc., R. W. Co.* v. *Howard*, 124 Ind. 280 (8 L. R. A. 593); *Ohio, etc., R. W. Co.* v. *Hill, Admx.*, 117 Ind. 56; *Louisville, etc., R. W. Co.* v. *Stommel*, 126 Ind. 35; *Indiana, etc., R. W. Co.* v. *Hammock*, 113 Ind. 1; *Chicago, etc., R. W. Co.* v. *Hedges, Admx.*, 118 Ind. 5.

It was said, in *Hathaway* v. *Toledo, etc., R. W. Co.*, 46 Ind. 25, that "When a person crossing a railroad track is injured by a collision with a train, the fault is *prima facie* his own, and he must show affirmatively, that his fault or negligence did not contribute to the injury before he is entitled to recover for such injury."

As was said, in *Cincinnati, etc., R. R. Co.* v. *Butler*, 103 Ind., p. 31 (40): "This presumption is at least sufficient to require from him an explanation of his relation to the occurrence, and an affirmative showing that the circumstances were such, and his conduct such, that he was not in fault."

Here the evidence shows that the appellant's intestate could have both seen and heard the backing train that collided with him and Boles and killed them, if he had attentively listened and looked. Under such circumstances, the law will assume that he actually saw what he could have seen if he had looked, and heard what he could have heard if he had listened. *Cones, Admr.*, v. *Cincinnati, etc., R. W. Co.*, 114 Ind. 328, at page 330.

Under such a state of the evidence, the trial court did not only not err in directing a verdict for the defendant, but did the only thing which it could do without erring. Hence there was no error in overruling the motion for a new trial.

The judgment is affirmed.

Howard, J., took no part in this decision.

Filed October 15, 1895.