LOCOMOTIVE ENGINEERS MUTUAL LIFE AND ACCIDENT INSURANCE ASSOCIATION *v.* NUTTING.

[No. 13,761. Filed June 25, 1930.]

*Spencer, Ensle & Spencer,* for appellant.
*Edmund L. Craig,* for appellee.

McMAHAN, J.—This is an action for damages for the

repudiation of three benefit certificates of insurance issued by appellant to appellee. Each of these certificates provides that: "Any member of this Association neglecting or refusing to pay any assessment, when ordered as provided in the by-laws, or being expelled one year from the Brotherhood of Locomotive Engineers, shall forfeit all right and title to membership, and be debarred from further participation in this insurance, or benefits arising from the same."

Section 17 of the by-laws of the insurance association provides that: "No person shall become a member of this association or retain his membership therein, unless he is a member in good standing in the Brotherhood of Locomotive Engineers; but should a member be expelled from the Brotherhood of Locomotive Engineers he may retain his membership in this Association for one year, provided he pays all assessments that may accrue against him during such term of expulsion, unless said expelled member feels that he has been unjustly expelled and intends to appeal to the next triennial convention and files notice of such appeal with the home office, then he may be permitted to retain his insurance until such appeal is disposed of by the convention."

In October, 1922, appellee was expelled from the Brotherhood of Locomotive Engineers, and, feeling that he had been unjustly expelled, he appealed to the next triennial convention, which was to meet in May, 1924. Appellee paid all assessments on the three certificates up to and including December, 1923. The assessments so paid were $2 each month on each certificate. He sent the amount of the assessments for January and February, 1924, to the association, which the association refused to accept, and returned the same to appellee, although appellee had been advised by the association to pay all assessments up to the next convention in May, 1924.

The first paragraph of complaint was dismissed. A

demurrer to the second paragraph was overruled. In support of its contention that this was error, appellant says the complaint does not disclose the decision of appellee's appeal by the triennial convention, and that it affirmatively appears that appellee is still living; that, since he did not die during the pendency of his appeal, and since the convention sustained his expulsion, the certificates of insurance are canceled, and there can be no recovery. We cannot concur in these contentions. The allegations of the complaint are that, pending appellee's appeal from the order of expulsion, appellant refused to accept the premiums or assessments from him, and thus repudiated the contracts of insurance. This repudiation took place pending the appeal. There is no allegation in the complaint that the appeal was thereafter prosecuted or that it was ever acted upon by the convention. There is nothing in the complaint to show that appellee thereafter pressed his appeal or made any claim under the contracts of insurance. The only thing appellee did after such repudiation by appellant was to prosecute this action for damages. The fact that appellee did not die in the interim between his expulsion and the next convention does not render the complaint subject to demurrer. There was no error in overruling the demurrer.

In support of the contention that the verdict is not sustained by sufficient evidence, appellant says: That there is no showing that appellee was unjustly expelled; that this is one of the material allegations of his complaint; and that he could not have appealed from a just expulsion, because, if his expulsion was just, he could not have felt that he was unjustly expelled. We cannot follow appellant's logic. Appellee certainly had a right to appeal from the order of expulsion, without reference to the justness or unjustness of such expulsion, the same as appellant had the right of

appeal in the instant case to this court, without reference to whether the judgment from which the appeal is prosecuted is right or wrong. The question as to whether appellee was justly or unjustly expelled is not material in the instant case. The real question is: "Did appellant, without right, repudiate the contract of insurance?" The uncontradicted evidence shows it did. Under the terms of these contracts, appellant was obligated to carry the insurance until the appeal was disposed of, provided appellee performed his part of the contracts, and there is no claim that he did not. As heretofore stated, there is no merit in the contention that there can be no recovery because appellee survived the interim between the repudiation of the policy by appellant, and the next triennial convention.

Appellant also insists that the verdict is not sustained by sufficient evidence for the reason that there is no evidence to show that appellee rescinded the benefit certificate; that, by allowing his appeal to stand, without taking any steps or doing anything, it showed that he did not elect to rescind his contracts until the commencement of this action in January, 1927; and that he could not appeal from his expulsion and also maintain an action for damages because of the repudiation. In its discussion of this subject, appellant says appellee did not concur in the repudiation until after his expulsion had been sustained by the triennial convention, and that, prior to that time, he permitted his appeal to stand, and gave no indication that he accepted the act of appellant as a rescission or repudiation of the insurance. In so doing, appellant assumes that the expulsion of appellee was sustained on appeal, when there is no evidence to that effect. The verdict is sustained by the evidence.

In discussing the action of the court in overruling a motion to strike out certain testimony, in refusing to

give an instruction directing the jury to return a verdict for appellant, and in giving certain instructions, appellant says the court erroneously assumed that, at the time of the alleged repudiation, appellee was insured by appellant for the term of his life. In this connection, appellant says appellee was insured for a term ending with the meeting of the triennial convention in June, 1924. We do not concur in this view. Each contract of insurance was in force and effect when appellant repudiated the same. By them appellee was insured for the term of his life. Of course, he had to pay the monthly assessments on each of them in the amounts and at the times named. The life of each certificate was limited to the term or time during which the assessments thereon were paid. By failing to pay such assessments, the contract of insurance would be forfeited. The fact that the contract might be forfeited for failure to pay an assessment did not, however, change the contract from a contract of insurance for life to a term policy. Neither did the fact that the contracts contained a provision that appellees should continue to be a member of the Brotherhood of Locomotive Engineers convert the contract into one for term insurance, and for that reason prevent a recovery for a wrongful repudiation of such contract.

Complaint is made that the court erred in failing to require the jury to make and return a proper answer to a certain interrogatory. Appellant failed to request that the jury be required to make its answer more definite and specific, and cannot, on appeal, complain because the answer was indefinite. If it thought the answer was not as definite as it should have been, the trial court should have been requested to require the jury to make its answer more specific.

Appellee filed certain interrogatories, which, without objection and without a motion to strike any of them

out, were answered by appellant before trial. These interrogatories and the answers thereto were read in evidence by appellee, after which, appellant moved to strike out the answer to one of them. The overruling of this motion is one of the grounds assigned for a new trial. The overruling of this motion is not reversible error. Appellee had the right to introduce in evidence questions propounded to appellant and the answers thereto. §359 R. S. 1881, §383 Burns 1926. Appellant cannot complain of their introduction when they were answered without objection and when the answers were read in evidence without objection. See *Cincinnati, etc., R. Co.* v. *Howard* (1890), 124 Ind. 280, 24 N. E. 892, 8 L. R. A. 593, 19 Am. St. 96.

The court did not err in overruling the motion for a new trial.

For a full discussion of the rights of an insured when a contract of insurance has been wrongfully repudiated, see *Indiana Life Endowment Co.* v. *Carnithan* (1915), 62 Ind. App. 567, 109 N. E. 851.

Affirmed.

Lockyear, J., not participating.