Filed April 2, 1896.

No. 17,763.

KAUFFMAN, ADMR., *v.* THE CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY CO.

DAMAGES.—*Death by Wrongful Act.—Contributory Negligence.—Burden of Proof.—Court Directing Verdict.*—A verdict is properly directed for defendant in an action for negligently causing the death of plaintiff's intestate, where there is no evidence that the intestate was free from contributory negligence, although there is no evidence of negligence on his part contributing to the accident.

From the Elkhart Circuit Court.

*H. C. Dodge,* for appellant.

*B. K. Elliott, W. F. Elliott, Baker & Miller* and *C. E. Cowgill,* for appellee.

McCABE, J.—The appellant, as the administrator of the estate of one Willam M. Cobbum, deceased, sued the appellee to recover damages sustained by the widow and children of the deceased, resulting to them on account of his death, which is alleged to have been caused by the negligence of the appellee, and without any fault or negligence on the part of the deceased. The issues joined were tried by a jury. At the close of the plaintiff's evidence the court instructed the jury to return a verdict for the defendant, which they

accordingly did.    The court rendered judgment on such verdict over appellant's motion for a new trial.

The principal and only material reason assigned for a new trial is the action of the trial court in directing a verdict for the defendant.    Such an action as this is purely statutory, and the statute that authorizes it does so upon the condition that the facts are such as that the deceased might have maintained the action, had he lived, for the injury resulting from the same act or omission.    R. S. 1894, section 285 (R. S. 1881, section 284).    Therefore, the plaintiff must, in order to recover in this class of cases, allege and prove the same facts that are required to warrant a recovery by a plaintiff who sues for damages on account of injuries resulting from the defendant's negligence.    And in that class of cases it must be alleged and proved, not only that the defendant's negligence was the proximate cause of the injury, but that the injured person was free from negligence contributing to such injury. *Smith* v. *Wabash R. R. Co.*, 141 Ind. 92 ; *Cincinnati, etc., R. R. Co.* v. *Butler*, 103 Ind. 31 ; *Indiana, etc., R. W. Co.* v. *Hammock*, 113 Ind. 1 ; *Ohio, etc., R. R. Co.* v. *Hill, Admx.*, 117 Ind. 56; *Cincinnati, etc., R. W. Co.* v. *Howard*, 124 Ind. 280 (8 L. R. A. 593); *Louisville, etc., R. W. Co.* v. *Stommel*, 126 Ind. 35 ; *Mann* v. *Belt R. R., etc., Co.*, 128 Ind. 138 ; *Pennsylvania Co.* v. *Meyers, Admx.*, 136 Ind. 242 ; *Lake Erie, etc., R. R. Co.* v. *Stick*, 143 Ind. 449; *Lamport, Admx.,* v. *Lake Shore, etc., R. R. Co.*, 142 Ind. 269; *Cincinnati, etc., R. W. Co.* v. *Duncan*, 143 Ind. 524; *Oleson* v. *Lake Shore, etc., R. W. Co.*, 143 Ind. 405 (32 L. R. A. 149).

The injury and death in this case were caused by the decedent getting caught between the bumpers, or dead woods, of two box cars at a street crossing in the city of Goshen, and was thereby crushed to death.

The train, or cars, had been uncoupled, or separated, so as to leave a space to avoid obstruction of travel along the street until the trainmen were done switching and could pull out of the way. It was about 11 o'clock a. m., though a severe snow storm was blowing so that it was difficult to see more than three or four rods away. The decedent started from his home in East Goshen to go west along Lincoln avenue across the appellee's tracks, and, as is supposed, in attempting to pass through such open space between the cars, got caught and killed. No one saw him get killed or caught, nor did any one see him make the attempt to cross. Consequently, there is no evidence whatever as to what degree of care he used or that he used any care to avoid the injury.

But it is earnestly insisted that the jury might have inferred, and had a right to draw the inference that he was free from contributory fault or negligence, from the fact that there was nothing in the evidence tending to show contributory negligence. But it has been expressly ruled to the contrary by this court in *Ry. Co.* v. *Howard, supra,* and in *Cincinnati, etc., R. W. Co.* v. *Duncan, supra.*

Therefore, there being no evidence to establish one of the indispensable elements of the plaintiff's cause of action, there was nothing to be determined but a simple question of law. And that question was, can a plaintiff recover for negligence without proving that the injured person was free from fault or negligence contributing to such injury? It was the duty of the trial court to determine that question itself. It could neither escape nor avoid the duty. It did that duty correctly by directing the jury to return a verdict for the defendant. *Lamport* v. *Lake Shore, etc., Ry. Co., supra; Engrer* v. *Ohio, etc., R. W. Co.,* 142 Ind. 618; *Oleson* v. *Lake Shore, etc., R. W. Co., supra.*

There was no error in overruling the motion for a new trial.

Judgment affirmed.

