## Wytheville.

### Brammer's Administrator v. Norfolk & Western Railway Co.

#### June 13, 1907.

1. Death by Wrongful Act—*Action by Injured Party—Revival After Death—Final Judgment—Res Judicata.*—Under the Virginia statute giving a right of action for death occasioned by the wrongful act, neglect or default of another, but one action can be maintained to recover damages for an injury resulting in such death, as there is but one cause of action in such a case; and whether that action be brought by the injured party in his lifetime and revived after his death, or a new action be brought by the personal representative within the statutory period, as provided in the statute, only one recovery can be had, and that for the benefit of the next of kin named in the statute, where any such exist. If an action brought by the injured party in his lifetime be revived in the name of his personal representative after his death, and proceed to final judgment, it is a bar to any other action to recover damages for the same injury. The object of the statute was to give a right of action where none existed at common law, and to prevent an action from abating which would otherwise have abated, but not to allow two actions against the same defendant for the same injury.

Error to a judgment of the Circuit Court of Henry county in an action of trespass on the case. Judgment for the defendant. Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*Hunt & Staples,* for the plaintiff in error.

*Robertson & Wingfield* and *H. G. Mullins,* for the defendant in error.

CARDWELL, J., delivered the opinion of the court.

M. L. Brammer, while driving in a wagon across the Norfolk & Western Railway tracks at a crossing in Henry county, Virginia, was struck by a locomotive, and, in addition to the killing of the team and the destruction of the wagon, he received personal injuries. He thereupon sued the railway company for injury to his person and property, but died pending that action. After his death the action was revived, under section 2906 of the Code, as amended by the Act of January 29, 1894, in the name of J. D. Short, his administrator, and proceeded in, in the circut court, and afterwards in this court, to a final adjudication adverse to the plaintiff.

Before the final adjudication in that case, the present action was brought by the same plaintiff for the personal injuries to Brammer, resulting, as alleged, in his death, and at the hearing thereof, which was after the final adjudication in the first case, the defendant company tendered certain pleas of *res adjudicata,* which were sustained by the court below; and to that judgment this writ of error was awarded.

It is contended for plaintiff in error that the circuit court erroneously sustained the pleas of *res adjudicata* by resort to the doctrine of estoppel, and that, under sections 2902 and 2903 of the Code of 1887, the present action is maintainable on behalf of the widow and children of Brammer, independent of the right of action subsisting in Brammer at his death.

Section 2902 provides for the right of action in case of death in the following language: "Whenever the death of a person shall be caused by the wrongful act, neglect or default of any person or corporation, or of any ship or vessel, and the act, neglect or default is such as would (if death had not ensued) have entitled the party injured to maintain an action," etc.;

and section 2903 is as follows: "Every such action shall be brought by and in the name of the personal representative of such deceased person, and within twelve months after his or her death. The jury in any such action may award such damages as to it may seem fair and just, not exceeding ten thousand dollars, and may direct in what proportion they shall be distributed to the wife, husband, parent and child of the deceased. * * *" Section 2906, as amended by the Act of January 29, 1894, *supra*, is as follows: "The right of action under sections 2902 and 2903 shall not determine, nor the action when brought abate, by the death of the defendant, or the dissolution of the corporation, when a corporation is the defendant; and where an action is brought by a party injured for damage caused by the wrongful act, neglect or default of any person or corporation, and the party injured dies pending the action, the action shall not abate by reason of his death, but, his death being suggested, it may be revived in the name of his personal representative." It was under this last-named section that the action brought by Brammer in his lifetime was revived after his death, in the name of his administrator, plaintiff in error here, and was finally adjudicated in this court. *Brammer's Admr.* v. *N. & W. Ry. Co.,* 104 Va. 50, 51 S. E. 211.

The argument of the learned counsel for plaintiff in error, in support of the contention that this action is maintainable, notwithstanding it has been finally adjudicated adversely to the same plaintiff in another action against the same defendant to recover damages for the same cause, proceeds upon the theory that the purpose and effect of our statute, the prototype of which is "Lord Campbell's Act," is to create a new cause of action— in fact, two new causes of action—in all cases in which the injured party would have had a cause of action had not death ensued—the one for the benefit of the decedent's estate, and the other for the benefit of the relatives nominated in the statute; and decided cases cited from other jurisdictions, seemingly at least, afford support for this contention.

*Anderson* v. *Hygeia Hotel Co.,* 92 Va. 687, 24 S. E. 269, is. also relied on, but it is manifest that what was said in the opinion is that case is misconstrued by counsel. The opinion does say, that the administrator bringing action under sections 2902-3, "sues wholly by virtue of the statute, and in respect of a different right. Where the right of action, which the deceased person had in his lifetime, survives, the personal representative sues as the regular owner of the personal estate * * * and the recovery is for the benefit of * * * the estate of the decedent. * * * The right of action of the personal representative is the same that was possessed by the deceased in his lifetime. * * * But very different is the right of action given by the act in question. The act requires the suit to be brought by and in the name of the personal representative, but he, by no means, sues in his general right of personal representative. He sues only by virtue of the statute in respect of a different right." And, further, "His suit proceeds on different principles. He sues not for the benefit of the estate, but primarily and substantially as trustee for certain particular kindred of the deceased, who are designated in the statute." But clearly the learned judge, who delivered the opinion, in the language used, was referring to the right of action where suit thereon could have been brought by the injured party in his lifetime, and which, upon his death, could be revived in the name of the personal representative, independently of sections 2902-3, on the one hand, and the right of action revived under section 2906, on the other. The only point decided in that case of interest here is, that an action to recover damages for personal injuries caused by the wrongful act, neglect or default of any person or corporation, must be brought within one year, and not five years, from the time such injury was inflicted.

At common law, the right of action, if any, which Brammer had against the defendant in error, with respect to personal injuries to him, would not have survived his death, and it is, therefore, only by virtue of the statute that the action he had

brought in his lifetime could be revived, upon the suggestion of his death, in the name of his personal representative.   In the case last above cited—*Anderson* v. *Hygeia Hotel Co.,*—no action had been brought by the injured party in his lifetime, and the recovery could only have been for the benefit of the relatives named in the statute.   Indeed, no recovery in an action for damages for personal injuries caused by wrongful act, etc., whether the action is revived under section 2906, or brought after the death of the injured party by his personal representative under sections 2902-3, would be for the benefit of the decedent's estate, unless the conditions prescribed in section 2904 of the Code (1887) exist, which section is as follows:   "The amount recovered in any such action" (action under sections 2902-3) "shall, after the payment of costs and reasonable attorneys' fees, be paid to the wife, husband, parent and child of the deceased, in such proportion as the jury may have directed, or, if they have not directed, according to the statute of distributions, and shall be free from all debts and liabilities of the deceased; but if there be no wife, husband, parent or child, the amount so received. shall be assets in the hands of the personal representative, to be disposed of according to law."

Where the action brought by the injured party in his lifetime is revived, in the name of his administrator, after his death, or the action is brought under the statute after his death, the issue in either case is the same, the right of recovery resting upon the same state of facts, namely, the injuries resulting in death being caused by the wrongful act, neglect or default of the defendant.   The plain meaning and intent of the statute, construing the sections which have been referred to together, as appears to us, is, to preserve a right of action, which, theretofore, would have been lost, where the injured party died after or before he had brought an action to recover damages for the wrongful act, neglect or default of another person or corporation, etc.

Upon the death of Brammer, after having brought his suit, two courses were open to his widow and children under the sections of the Code, to which we have adverted.   One was to revive the pending suit under section 2906, or abandon or dismiss that suit, and institute the suit authorized by sections 2902-3 ; but, in either case, the issue would have been the same, and the recovery for the benefit alone of the widow and children of Brammer, the conditions of section 2904 not existing.   The course, by revival of the pending suit, brought by Brammer, was pursued, and the final adjudication in that case, as the learned judge below observes, that no right of action in Brammer existed at the time of his death, estopped the plaintiff in error from maintaining this action.   In other words, when it was finally adjudicated, in the action which Brammer had brought, and which, after his death, was revived under the statute, that he was not entitled to maintain any action—that he had no right of recovery against the defendant—the right to maintain the second action did not exist.   The adjudication that Brammer had no right of action at his death, as effectually determined the right to maintain this second action, as if payment to Brammer for his injuries had been made in his lifetime.

It would be an anomalous situation if the language used in our statute could be so construed, that, after a court of competent jurisdiction has ascertained, in a suit brought by a party himself, that the wrongful acts which constitute the sole foundation of any recovery against the defendant are not of actionable character, and that the injured person is not entitled to maintain an action by reason of them, or to recover damages on their account, other parties, in another and subsequent proceeding, may proceed to show, in an action for their benefit, founded upon the same alleged acts of the defendant, that at the time of the intestate's death, he was, as a matter of fact, the judgment of the court to the contrary notwithstanding, entitled to maintain an action against the defendant company, and to recover damages for the very acts in respect of which, recovery was

denied the very man who suffered the injuries which resulted in his death.

As remarked, there are decided cases construing other statutes, which afford support for the contention of plaintiff in error; but it would prove unprofitable to review those cases, since, after all, this case must turn upon the construction of our own statute, which we feel constrained to give it.

In *Spiva* v. *Osage, &c. Co.,* 88 Mo. 68, an action for the wrongful death of plaintiff's intestate, the court said: "The right of action accruing to the widow under the statute, is such as would have existed in the husband's favor if death had not ensued, and none other, and as we hold the husband could not, under the evidence, have maintained the action if he had survived the accident, a recovery must be denied plaintiff upon the same ground."

In *Kauffman, Admr.* v. *Cleveland &c. Ry Co.,* 144 Ind. 456, 43 N. E. 446, another action for the wrongful death of plaintiff's intestate, it is said: "Such an action as this is merely statutory, and the statute that authorizes it does so upon the condition that the facts are such that the deceased might have maintained the action had he lived, for the injury resulting from the same act or omission."

In *B. & O. S. W. Ry. Co.* v. *Pietz,* 61 Ill. App. 161, the opinion of the court reversing a judgment in favor of the administrator, for the wrongful death of his intestate, upon the ground that the intestate had been guilty of contributory negligence, says: "She (the injured party) would be so barred, as the law is held in this state, had she survived the injury and sued on her own account, and necessarily her administrator, when suing for the benefit of the next of kin, must be barred also."

As suggested by counsel for defendant in error, if this action could be maintained, it could also be maintained, although Brammer, in his lifetime, by compromise or by recovery in an action for his injuries, had been compensated therefor.

We are wholly unable to see anything in the provisions of the statute to warrant the conclusion, that, by it two actions against the same defendant for the same injuries are authorized, so as to give an action in favor of the administrator representing the estate, and also a second action in favor of the administrator representing the wife or children, or other beneficiary mentioned in the act.

In 13 Cyc. 327, citing a number of authorities, it is said: "While the authorities are by no means unanimous upon the point, the better doctrine seems to be that where one, in his lifetime, recovers damages for personal injuries, caused by negligence, and death subsequently results therefrom, his personal representatives or beneficiaries designated in the statute, are barred from recovery, under a statute giving them a right of action for death by wrongful act." And, further, "Likewise, where the plaintiff, in an action for personal injuries, dies from such injuries pending the action, and his administrator recovers judgment therein, such judgment is a bar to an action by the administrator or the beneficiaries for the death by wrongful act." In support of this last quotation, there are also a number of authorities cited.

There is a great weight of authority for the proposition that a judgment for damages for personal injury by the wrongful act or neglect of another, or where the injured party has received satisfaction in his lifetime for the injuries he sustained, is a bar to the action under the statute by the personal representative for damages by reason of the plaintiff's subsequent death. The real question here is, whether a judgment against the plaintiff in error, the administrator of Brammer, based on the finding of the court on the same issue of fact and law presented to it, is a bar to a subsequent action involving the same cause of action.

In our view of the statute we are considering, but one action can be maintained to recover damages for injury to a person caused by the wrongful act, neglect or default of another person

or corporation, as there is but one cause of action in such a case; and whether that action be brought by the injured party in his lifetime and revived after his death, during the pendency of the action, in the name of his personal representative, or a new action be brought within the statutory period, as provided in the statute, but one recovery can be had, and that for the benefit of the next of kin nominated in the statute where they exist, as in this case; therefore, if there be a recovery in the action revived, or it be adjudicated in that action that the injured party had no right of action at his death, it is conclusive of the right to maintain another action to recover damages for the same injury.

It follows that we are of opinion that, in any view to be taken of this case, the judgment of the circuit court is right, and should be affirmed.

*Affirmed.*