## BOYD v. UNITED STATES.
### No. 312.

District Court, W. D. Wisconsin.
Nov. 5, 1942.

340

Hill, Miller & Hill, of Baraboo, Wis., for plaintiff.

John J. Boyle, U. S. Atty., and Alvin M. Loverud, Asst. U. S. Atty., both of Madison, Wis., and Benjamin F. Schwartz, Sp. Atty. for the Department of Justice, of Chicago, Ill., for defendant.

STONE, District Judge.

The defendant's motion for dismissal of the plaintiff's complaint on the ground that the action was not commenced within the time fixed by statute came on to be heard at the present term of the above named Court, Messrs. Hill, Miller and Hill appearing on behalf of the plaintiff, and John J. Boyle, United States Attorney, Alvin M. Loverud, Assistant United States Attorney, and Benjamin F. Schwartz, Special Attorney for the Department of Justice, appearing on behalf of the defendant. The parties submitted their proofs, from which it appears that Harold Boyd, deceased, was inducted into the military service of the United States on the 26th day of April, 1918, at Baraboo, Wisconsin, and was honorably discharged therefrom on the 31st day of January, 1920; that while in the said service he was granted a $10,000 yearly renewable term insurance policy effective May 1, 1918; that said policy was in force by virtue of the payment of premiums up to and including the month of February, 1920.

Harold Boyd was wounded on October 6, 1918, in the line of duty, and thereafter received medical treatment for the injuries he suffered. He died on August 26, 1941, and left surviving his mother, Amanda Boyd, above named, who was appointed administratrix of his estate, and who seeks to recover as administratrix the sum of $18,000 with interest from the defendant, and the additional sum of $10,000 with interest in her individual capacity as beneficiary under the policy.

The original claim for permanent, total disability benefits under the policy, filed by Harold Boyd, deceased, on July 27, 1931, was denied on March 9, 1935, by the Insurance Claims Council, and notice of said denial was mailed to him on March 26, 1935. An appeal from said denial was filed on February 15, 1936, in the Veterans' Administration, which was denied on April 17, 1936. Notice of the action of the Administrator of Veterans' Affairs affirming the decision of the Insurance Claims Council denying said claim was mailed to Harold Boyd, deceased, on May 11, 1936.

Thereafter, on February 2, 1938, said deceased filed a second claim with the Veterans' Administration, which claim was denied by the Insurance Claims Council on June 9, 1939, but on said date it found that said Harold Boyd became permanently and totally disabled on October 29, 1926. Notice of this decision was mailed to deceased on June 9, 1939. An appeal from said decision, dated July 18, 1939, was filed in the Veterans' Administration on July 29, 1939. On February 21, 1940, the In-

surance Claims Council filed a supplemental decision confirming its previous decision of June 9, 1939, and on May 14, 1940, the Administrator of Veterans' Affairs affirmed the decisions of the Insurance Claims Council rendered on June 9, 1939, and February 21, 1940. Notice of this decision was mailed to Harold Boyd, deceased, on May 14, 1940.

On June 29, 1931 the deceased mailed a letter to the United States Veterans' Bureau of Milwaukee, Wisconsin, which may be considered as a renewal of his claim filed with said board. The receipt of said letter was acknowledged by the Veterans' Administration on July 20, 1931, which was twenty-one days after the date of said letter.

The Government's motion for dismissal is based upon the ground that the action was not commenced within the time limited by statute. Section 19 of the World War Veterans' Act of 1924, as amended, 38 U.S.C.A. § 445, reads in part as follows:

"In the event of disagreement as to claim, * * * under a contract of insurance between the Veterans' Administration and any person or persons claiming thereunder an action on the claim may be brought against the United States * * * in the district court of the United States * * * and jurisdiction is hereby conferred upon such courts to hear and determine all such controversies. * * *

"No suit on yearly renewable term insurance shall be allowed under this section unless the same shall have been brought within six years after the right accrued for which the claim is made or within one year after July 3, 1930, whichever is the later date, and no suit on United States Government life (converted) insurance shall be allowed under this section unless the same shall have been brought within six years after the right accrued for which the claim is made: Provided, That for the purposes of this section it shall be deemed that the right accrued on the happening of the contingency on which the claim is founded: Provided further, That this limitation is suspended for the period elapsing between the filing in the Veterans' Administration of the claim sued upon and the denial of said claim by the Administrator of Veterans' Affairs. * * * If suit is seasonably begun and fails for defect in process, or for other reasons not affecting the merits, a new action, if one lies, may be brought within a year though the period of limitations has elapsed. * * *."

The contingency on which the claim is founded is the contingency on which liability under the policy was bottomed, namely, permanent disability or death while the policy remained in force. United States v. Towery, 306 U.S. 324, 59 S.Ct. 522, 83 L.Ed. 678; Simmons v. United States, 4 Cir., 110 F.2d 296.

The original claim for permanent, total disability benefits under the policy, filed July 27, 1931, was denied by the Insurance Claims Council on March 9, 1935, and on April 17, 1936, by the Administrator of Veterans' Affairs. The insured renewed his claim in the Veterans' Administration, and, after reconsideration, the Insurance Claims Council denied the same on June 9, 1939.

Under the statute, the last date for filing a claim on a contract of war risk term insurance is six years after the happening of the contingency for which claim is made, or one year after the approval of the amendatory act, which last date is July 3, 1931, the act having been approved on July 3, 1930. It is incumbent upon the plaintiff to prove the date of filing of the claim and that the suit is brought within the time permitted by statute. The present action was brought more than six years after the date on which the insured's right accrued, and not prior to July 3, 1931.

Prior to June 29, 1936, it was the rule in computing the statute of limitations under Section 19, 38 U.S.C.A. § 445, that as many days as elapsed between the filing of the claim and July 3, 1931 were allowed after the denial of said claim within which to file suit. By the enactment of the amendment approved June 29, 1936, 38 U.S.C.A. § 445d, the time for filing suit was increased to ninety days after denial for those cases in which claim was filed less than ninety days prior to July 3, 1931. If it is assumed that claim was filed by deceased between June 29, 1931, and July 3, 1931, then suit should have been filed no later than ninety days after May 11, 1936, the date of the denial. This action was commenced on February 14, 1942.

The insured could not, by filing his second and third claims with the Veterans' Administration, lift the already fallen bar of the statute of limitations so as to revive the right to sue. Ball v. United

States, 6 Cir., 101 F.2d 272. Deceased's right to sue had expired under the statute, 38 U.S.C.A. § 445, when the attempt was made to renew the claim. The suspension provisions of the statute do not apply to proceedings arising after suit upon the claim has been barred. Ball v. United States, ibid.; Dowell v. United States, 5 Cir., 86 F.2d 120. This Court cannot ignore the clear statutory limitation upon the Government-granted right to sue the Government. Simmons v. United States, 4 Cir., 110 F.2d 296.

Defendant's motion that plaintiff's complaint be dismissed is granted, without costs.

Let judgment be entered accordingly.