RILEY v. UNITED STATES.
(KELLEY et al., third-party
defendants).

Civ. No. 314-F.

United States District Court,
N. D. West Virginia.

Nov. 12, 1953.

---

Steptoe & Johnson, Oscar J. Andre and Ernest C. Swiger, Clarksburg, W. Va., for plaintiff.

Howard Caplan, U. S. Atty., Clarksburg, W. Va., for defendant and third-party plaintiffs.

William G. Johnson, Clarksburg, W. Va., for third-party defendants.

WILKIN, District Judge.

This is an action to recover on the National Service Life Insurance Policy issued by the United States to the plaintiff's former husband, Charles P. Kelley. The case was submitted on the pleadings, the evidence, a stipulation of facts, briefs, and oral argument. The three controlling issues are:

(1) Whether the act of the insured in naming his wife the beneficiary in an AAF Personal Affairs Statement was

such an affirmative act, in conjunction with other supporting evidence, as to show that the insured unambiguously exercised his statutory right to change the beneficiary; and

(2) Whether in the circumstances of this case the plaintiff is estopped to claim the amount which has been paid by the United States under the policy to the father of the insured; and

(3) Whether the plaintiff's action was filed within the time limited by law.

The insured entered military service January 31, 1944, and on February 22, 1944, was granted insurance in the amount of $10,000. The insured named his mother, Florence Kelley, as principal beneficiary, and his father, Bruce Warder Kelley, as contingent beneficiary. The insured's mother died October 19, 1944. On January 19, 1945, the insured and the plaintiff were married, and thereafter lived together near Pyote Army Air Base in Texas. Shortly before the insured left Texas for foreign service, the plaintiff returned to her home in Clarksburg, West Virginia.

Before leaving the Texas Air Base, the insured signed an AAF Personal Affairs Statement in which he said that the principal beneficiary of his insurance policy was his wife, and that his father, Bruce Warder Kelley, was contingent beneficiary. The Personal Affairs Statement was executed in triplicate, one copy was retained by the Government and placed in the insured's service record file; one copy was retained by the insured; and the third copy was sent to the insured's wife. In March, 1945, the insured sent to the plaintiff an executed form, which stated the possible insurance benefits payable to her as his wife in case of his death. And on this form, the insured had made a notation "As Corporal," to inform his wife of his change of classification. The oral testimony and the exhibits indicated that the insured had made his wife the beneficiary of his insurance.

The insured was reported as missing in action on June 18, 1945, after he had participated in a bombing raid on Japan. Subsequently, by letter dated May 2, 1946, the plaintiff was informed by the Adjutant General's Office that her husband had been killed in action.

In connection with the application of the plaintiff for death benefits provided by the Government, the plaintiff stated that she was also claiming the proceeds of her husband's life insurance. In an exchange of correspondence between the Veterans' Administration and the plaintiff concerning the decedent's insurance, she was notified that an investigation of the insured's service and insurance records had disclosed no change of beneficiary by the insured. The widow's death benefits statement and the AAF Personal Affairs Statement were held insufficient by the Veterans' Administration to effect a change of beneficiary, in the absence of an executed change on the form prescribed by the Regulations of the Veterans' Administration (No. 3447). The plaintiff was also informed that the proceeds of the insurance would be paid to the contingent beneficiary if further evidence to support her claim was not received by the Veterans' Administration on or before January 13, 1947. Being without additional evidence, the plaintiff sought no further administrative relief and filed no action in court. In absence of further word from the plaintiff, the Veterans' Administration, on January 17, 1947, again affirmed their position as to the person entitled to the insurance proceeds, and awarded payment to the decedent's father, Bruce Warder Kelley, as contingent beneficiary, who also lived in Clarksburg, West Virginia. Bruce Warder Kelley died January 20, 1952, having received the sum of $6,326.60 under the insurance policy.

On February 1, 1952, the plaintiff instituted this action and prayed the Court to adjudge that she is the rightful beneficiary under said policy; but "That if plaintiff is not the beneficiary under said policy that plaintiff is entitled to the balance of the unpaid proceeds of said policy under Title 38 U.S.C.A. § 802(i)."

The defendant then interpleaded the brothers and sister of the deceased serviceman, and prayed that the Court adjudge whether the plaintiff or the brothers and sister are entitled to the undisbursed proceeds of said insurance. In its answer, the defendant claimed credit for the full amount paid to the father of the decedent, and alleged that the plaintiff was estopped to assert a claim for the amount of such payments.

The interpleaded defendants filed an answer, and prayed for the balance due under the policy of insurance granted to the decedent, Charles P. Kelley, and said that the plaintiff had not asserted her claim or filed her action within the time provided by law.

Upon due consideration of the undisputed facts and circumstances, and the law applicable thereto, the Court finds in favor of the plaintiff as to the unpaid balance due under the policy of insurance, and in favor of the defendant, the United States of America, as to the amount paid to the decedent's father, and dismisses as without foundation in law the claim of the interpleaded defendants, the brothers and sister of the decedent.

As to the first issue (No. 1 above), it is apparent from all the evidence that the insured not only intended to make his wife the beneficiary of his insurance policy, but that he thought he had done everything necessary to accomplish such change. And courts generally have given effect to the intention of the insured wherever that intention is supported by some affirmative act on his part. This principle was clearly announced in Roberts v. United States, 4 Cir., 157 F.2d 906, a case, in controlling facts and personal relationships, quite similar to the case at bar; and also in Mitchell v. United States, 5 Cir., 165 F.2d 758; Gann v. Meek, 5 Cir., 165 F.2d 857; Citron v. United States, D.C., 69 F.Supp. 830; Farmakis v. United States, D.C., 78 F.Supp. 287, affirmed 84 U.S.App.D. C. 297, 172 F.2d 291.

If the plaintiff had not acquiesced in the refusal of the Veterans' Administration to pay her the proceeds of the insurance, her claim to the whole amount would have to be sustained, but in the circumstances of this case, the Court is constrained to hold that she is now entitled only to the unpaid balance.

As to the second issue (No. 2 above), it is the conclusion of this Court that the plaintiff is estopped now to claim the full amount of insurance, because she failed to exercise her right of action against the Government after the Veterans' Administration had notified her that payments under the policy would be made to the father of the decedent. Plaintiff does not deny that she was fairly informed that the Veterans' Administration considered her submissions as inadequate to sustain her claim. She was definitely informed that payments would be made to her husband's father. She took no action then to restrain such payments, but stood idly by for a period of five (5) years (January 17, 1947 to January 20, 1952), and allowed monthly payments to be made to her father-in-law, living in the same town with her, in accordance with the declared intention of the Veterans' Administration. In such circumstances the principle of estoppel applies.

Plaintiff's acquiescence is founded on equitable estoppel. The test of acquiescence is unreasonable delay, coupled with such a material change of conditions as makes it inequitable not to presume acquiescence.

As to the third issue (No. 3 above), the undisputed facts show that the plaintiff's action was not instituted within six (6) years following the death of the insured, Title 38 U.S.C.A. § 445. The insured was reported to have been killed in action on June 18, 1945. The plaintiff, however, did not receive notice of such report until May 2, 1946. She instituted this action February 1, 1952. The statute provides that no suit shall be allowed unless brought within six (6) years "after the right accrued for which the claim is made", and provides that "it shall be deemed that the right accrued on the happening of the con-

tingency on which the claim is founded". It was impossible, however, for the plaintiff to institute or maintain an action for the insurance before she received notification of death. The insured was first reported missing in action. Under such circumstances the plaintiff would have had to wait seven (7) years to take advantage of the law's presumption of death. Almost a year elapsed before plaintiff was informed of the insured's death. She instituted this action five years, eight months, and twenty-nine days after the date she received notification of death. The date of the death of the insured created a contingent claim in favor of the beneficiary of the insurance, but this contingency involved proof of death of the insured, which was satisfied only by the notification of death. Until receipt of the notification, no basis existed here, in fact or law, on which an action could have been predicated by the plaintiff to secure the insurance due her. The "contingency on which the claim is founded" in this case must be determined not only by the date of the death of the insured, but also in conjunction with the later official notification of death. The Court, therefore, is constrained to hold that this action is not barred by the Statute of Limitation. The Courts have given a liberal construction to the Statutes limiting the time of actions on War Risk policies. Marsh v. United States, 4 Cir., 97 F.2d 327. Howard v. United States, 9 Cir., 28 F.Supp. 985, appeal dismissed 119 F.2d 1023.

The claim of the interpleaded defendants, the brothers and sister of the insured, must be denied. Section 802(h) (3) (A) of Title 38 U.S.C.A., provides that unpaid installments of insurance after the death of the beneficiary named in the policy must be paid to specified classes, and the first classification is "the widow or widower of the insured, if living", and it has been determined in Trathen v. United States, 3 Cir., 198 F. 2d 757, that the remarriage of the insured's widow does not defeat her rights as specified in this section of the Code.

The Court, therefore, concludes that the plaintiff, both by virtue of the insured's declared intention to make her the beneficiary, and also by virtue of the Statute last above quoted, is entitled to the unpaid balance of the insurance policy.

Counsel for plaintiff may prepare an order in accordance with this opinion and, after submitting it to opposing counsel for approval, may file it with the Clerk, each party to bear its own costs.