**RILEY v. UNITED STATES et al.**
No. 6773.

United States Court of Appeals
Fourth Circuit.
Argued April 8, 1954.
Decided May 5, 1954.

Oscar J. Andre, Charleston, W. Va. (Ernest C. Swiger and Steptoe & Johnson, Clarksburg, W. Va., on the brief), for appellant and cross-appellee.

Herman S. Greitzer, Atty., Department of Justice, Washington, D. C. (Warren E. Burger, Asst. Atty. Gen., Howard Caplan, U. S. Atty., and Paul A. Sweeney, Atty., Department of Justice, Washington, D. C., on the brief), for appellee and cross-appellant.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

DOBIE, Circuit Judge.

This is a civil action brought in the United States District Court for the Northern District of West Virginia under the provisions of the National Service Life Insurance Act of 1940, 38 U.S. C.A. § 801 et seq., involving the proceeds of a life insurance policy upon the life of Charles P. Kelley, who was killed in action in World War II while on a bombing raid over Japan. His widow, Virginia T. Riley, the appellant before us and plaintiff below, claimed to be the principal designated beneficiary in the policy in question. The Government, appellee before us and defendant below, though it knew of her claim, nevertheless made monthly payments of the insurance to the insured's father, Bruce Warder Kelley, until he died in January, 1952. The appellant, in this action, sought to recover the entire proceeds of the policy as principal beneficiary or, in the alternative, to recover that portion of the proceeds of the policy remaining after the payments to insured's father.

The Government contended that the appellant is not the principal beneficiary and is, therefore, not entitled to the entire proceeds of the policy. As to that portion of the proceeds remaining unpaid, it took the position that it was merely a "stakeholder" between appellant as surviving widow and the brothers and sister of the deceased soldier, whom it interpleaded as third party defendants.

The third party defendants, appellees, insisted that appellant's right to recover under the terms of the policy was barred by statutory limitations and, further, that they, as brothers and sister of the deceased soldier, are entitled to the remaining unpaid proceeds of the policy in question, because appellant, the surviving widow, has remarried.

The District Court held, 116 F.Supp. 155:

1. Appellant is the properly designated principal beneficiary in the policy in question.

2. Appellant's action was timely instituted and is not barred by limitations.

3. Although appellant's action was timely instituted, and she is the principal beneficiary in the policy, nevertheless, she is estopped to recover the full amount of the proceeds as such beneficiary.

4. Appellant, as the surviving wife of the deceased soldier, is entitled to the proceeds of the policy remaining after deducting payments made to the father.

5. The third party defendants, appellees, are not entitled to any of the proceeds of the policy.

There is no dispute as to the facts in this case. Charles Kelley, the deceased soldier, was inducted into the United States Army Air Force on January 31, 1944, and the National Service Life Insurance Policy in question, written on his life for $10,000.00, became effective February 22, 1944. At that time, Kelley was not married and he designated his mother, Florence Elizabeth Kelley, as principal beneficiary, with his father, Bruce Warder Kelley, as contingent beneficiary. His mother died on December 19, 1944. On January 9, 1945, Kelley and appellant were married. Subsequently, they resided at Pyote, Texas, near Pyote Army Air Base where Kelley was stationed. Appellant remained with him there until he received overseas orders.

While Kelley and appellant were living together near Pyote Army Air Base, he discussed his insurance program with her and told her then that he had made the necessary changes in his National Service Life Insurance Policy to designate her as the principal beneficiary, but that as to another policy he had with a commercial company, it was payable to his father and he wanted it to remain payable to him.

On or about February 17, 1945 Kelley made and signed at Pyote Army Air Base which is known as an "AAF Personal Affairs Statement," in which he stated that he had $10,000.00 in National Service Life Insurance on the term plan and that the principal beneficiary for the full amount of the policy was his wife, with his father as contingent bene-

ficiary. Three copies of that statement were prepared on that date. One was signed by Kelley with Captain R. A. Deidrich as witnessing officer and with Captain W. O. Hedley as reviewing officer. The original copy, signed by the two officers, was kept in Kelley's service record. An authenticated photostat of it was introduced into evidence in this case by the Government. A second copy, signed by Kelley and the witnessing officer was mailed from headquarters of Pyote Army Air Base, office of the Station Commandant, to appellant. A third copy was retained by Kelley and was among his personal effects which were sent to appellant following his death.

In March, 1945, after having advised appellant that he was going to do so, Kelley sent to her a paper in mimeographed form with filled in blanks, indicating the financial benefits which would come to her in the event of his death in service. Among the items, one stated that appellant would receive from his National Service Life Insurance the sum of $55.10 per month for a period of twenty years.

On June 18, 1945, Kelley was reported missing in action following a bombing raid over Japan and appellant was so notified. About a year later, by a letter dated May 2, 1946, appellant was informed that Kelley had been killed in action on the date he had previously been reported as missing in action.

Appellant made claim to certain benefits to which she thought she was entitled. Among them was a claim to the life insurance in question. She was then informed by the Veterans Administration that its records did not disclose that any change of beneficiary had ever been made in Kelley's insurance and that the beneficiary was the insured's father as contingent beneficiary, since the principal beneficiary, the mother, had previously died.

In support of her claim, appellant sent to the Veterans Administration all the documents which she had, including the Personal Affairs Statement and the form indicating possible benefits; but these documents were held to be insufficient to effect the change of beneficiary according to the Veterans' Administration's rules. She was then informed that unless she could produce additional proof to sustain her claim by January 13, 1947, the insurance would be paid to Kelley's father. Appellant did nothing more.

The Government, with the knowledge of appellant, began making monthly payments to Kelley's father, which continued until the father's death, January 20, 1952. The father received a total of $6,326.60. Kelley left no children. Surviving both him and his father were two brothers Virgil Kelley and Dorsie Kelley, and one sister, Charlotte Davis. On November 26, 1948, appellant married, and has since been living with, Charles Riley. The instant civil action was instituted on February 1, 1952.

We think the judgment below must be affirmed, but we base our opinion upon grounds quite different from those on which the District Judge based his decision.

■ We come first to the Statute of Limitations. 38 U.S.C.A. § 445 provides, in part:

"In the event of disagreement as to claim * * * under a contract of insurance between the Veterans' Administration and any person or persons claiming thereunder an action on the claim may be brought against the United States * * * in the district court of the United States in and for the district in which such persons or any one of them resides, and jurisdiction is hereby conferred upon such courts to hear and determine all such controversies * * *.

"No suit on yearly renewable term insurance shall be allowed under this section unless the same shall have been brought within six years after the right accrued for which the claim is made * * * Provided, That for the purposes of this section it shall be deemed that the right accrued on the happening of the contingency on which the

claim is founded: Provided further, That this limitation is suspended for the period elapsing between the filing in the Veterans' Administration of the claim sued upon and the denial of said claim by the Administrator of Veterans' Affairs. * * *

* * * *

"The term 'claim', as used in this section, means any writing * * * which uses words showing an intention to claim insurance benefits, and the term 'disagreement' means a denial of the claim by the Administrator of Veterans' Affairs or someone acting in his name on an appeal to the Administrator. * * * "

It is conceded that, if this Statute begins to run from *the death of Kelley,* appellant's civil action is barred; but, if the Statute begins to run only from the date when *appellant received notice of Kelley's death,* then this action was timely filed. We think the Statute starts to run upon Kelley's death. Accordingly, the instant action brought by appellant, seeking as beneficiary the entire amount of the policy, is barred by the Statute.

Under the precise terms of the Statute, "the right accrued on the happening of the contingency on which the claim is founded". Clearly, this would seem to contemplate only one contingency, which must be the death of Kelley. The statute makes no reference to notification of such death by the Government. Certainly, in the absence of any such notification, which forms no basis for the claim or cause of action, a beneficiary who could clearly prove insured's death, would have a valid claim.

Again, it is the general rule that Statutes of Limitation begin to run upon the happening of the event which gives rise to the claim or cause of action, and not from the time when the claimant receives notice of the happening of this event. Further, the Statute here gives a right which did not exist at common law—here the waiver of the sovereign's immunity from suit at the hands of a private individual. It is quite

generally held, in such instances, that courts must respect any conditions, restrictions and limitations which the Statute prescribes in plain language. Morgan v. United States, 5 Cir., 115 F.2d 427, certiorari denied 312 U.S. 701, 61 S.Ct. 806, 85 L.Ed. 1135; Bono v. United States, 2 Cir., 113 F.2d 724; United States v. Pastell, 4 Cir., 91 F.2d 575; United States v. Trollinger, 4 Cir., 81 F. 2d 167, appeal dismissed 299 U.S. 617, 57 S.Ct. 757, 81 L.Ed. 455; Miller v. United States, D.C., 57 F.2d 889.

In support of his decision that the Statute began to run only upon appellant's receipt of notice of the death of Kelley, the District Judge cited two cases: Marsh v. United States, 4 Cir., 97 F.2d 327; Howard v. United States, D.C., 28 F.Supp. 985, appeal dismissed, 9 Cir., 119 F.2d 1023. We find nothing in Judge Parker's opinion in the Marsh case upon which the District Judge's finding could be based. In the Howard case, 28 F.Supp. at page 987, Judge Yankwich stated:

"Death, if it *actually occurs, causes the right of action to accrue.* But, where reliance is placed *not upon actual death, but upon the presumption* arising from unexplained absence for a period of seven years, the right to sue *does not come* into being until after the expiration of the period."

In our case, there was clearly the actual death of Kelley; it was not necessary to resort to the seven-year presumption of death.

In United States v. Towery, 306 U.S. 324, 331, 59 S.Ct. 522, 525, 83 L.Ed. 678, (a disability case), Mr. Justice Roberts stated:

"The construction adopted by the court below would permit the bringing of suits even twenty years after the disability occurred. It is obvious that each year ascertainment of the essential facts which conditioned liability would become more difficult. We think then that, reasonably construed, the section provides

**696**

that there shall be but one right,—that is, the right to benefit payments, and but one critical contingency which conditions that right, namely, the occurrence of permanent total disability or death while the policy remains in force."

In Simmons v. United States, 110 F.2d 296, 298, our court (quoting the statement of Mr. Justice Roberts in the Towery case) said:

"The statute [of limitations] commenced to run from December 6, 1927, when claimant became totally and permanently disabled and not from March 16, 1928, when he was notified of this rating. The statutory provision seems clear upon this point".

See, also, Roskos v. United States, 3 Cir., 130 F.2d 751, certiorari denied 317 U.S. 696, 63 S.Ct. 437, 87 L.Ed. 557; Sullivan v. United States, 6 Cir., 116 F.2d 576; United States v. Tarrer, 5 Cir., 77 F.2d 423, certiorari denied 296 U.S. 574, 56 S.Ct. 125, 80 L.Ed. 405; Boyd v. United States, D.C., 47 F.Supp. 339; Prifti v. United States, D.C., 37 F.Supp. 121.

The chronology of this case shows clearly how derelict appellant was in filing suit on her claim as beneficiary under the policy:

1. June 18, 1945. Plaintiff advised that insured was missing in action.

2. May 2, 1946. Plaintiff advised that insured was killed in action on June 18, 1945.

3. July 12, 1946. Insured's father files claim for proceeds of insured's policy.

4. July 24, 1946. Veterans' Administration advises plaintiff that she is not named as a beneficiary of insured's policy.

5. July 27, 1946. Plaintiff files claim with Veterans' Administration for proceeds of deceased's policy.

6. December 13, 1946. Veterans' Administration advises plaintiff that insurance benefits payable to insured's father and not to plaintiff. Plaintiff also advised that unless she files with Veterans' Administration by January 13, 1947, additional evidence that she is entitled to the proceeds of the policy, such proceeds would be paid to insured's father.

7. January 17, 1947. Insurance awarded by Veterans' Administration to insured's father.

8. January 20, 1952. Insured's father dies.

9. February 1, 1952. Plaintiff files complaint against United States.

From this it will clearly appear, that under a six-year limitation from the death of Kelley, appellant had more than five years in which to sue after she was informed of her husband's death, and more than four years after she was informed that the proceeds of the policy would be awarded to Kelley's father.

This brings us to appellant's claim to the proceeds of the policy which remained after the payments to the father. 38 U.S.C.A. § 802 provides:

"Any installments certain of insurance remaining unpaid at the death of any beneficiary shall be paid * * * to the person or persons then in being within the classes hereinafter specified and in the order named * * *.

"(A) to the widow * * * of the insured, if living;

"(B) if no widow * * * to the child or children of the insured, if living * * *;

"(C) if no widow * * * or child, to the parent or parents of the insured * * * if living * * *;

"(D) if no widow * * * child, or parent, to the brothers and sisters of the insured, if living * *."

Clearly, under this Statute, appellant would be entitled to these remaining proceeds.

The Government contends, though, that under 38 U.S.C.A. § 445, the District Court had no jurisdiction to award

these remaining proceeds under the policy because, as a pre-requisite to such jurisdiction there must be a "disagreement" as to this claim between the appellant and the Veterans' Administration. It is clear that appellant made no claim to these remaining proceeds, after the death of the father, before the Veterans' Administration, prior to filing the instant civil action. The Government concedes that if the District Court had jurisdiction, appellant, under the Statute just quoted, 38 U.S.C.A. § 802(h)(3), rather than under the terms of the policy, is entitled to these remaining proceeds.

Indeed, counsel for the Government, in oral argument before us, conceded that if we should reverse the judgment below, appellant could file a new claim to these remaining proceeds with the Veterans' Administration, and her claim would be promptly granted. It would seem, then, that it would be a rather futile gesture for us to reverse the judgment below and relegate the appellant to the necessity of filing this new claim with the Veterans' Administration for the remaining proceeds of the policy, with the trouble and delay thereunto appertaining. In each instance, the same result would follow.

Again, appellant did file a claim as beneficiary before the Veterans' Administration for the entire proceeds of the policy. This claim was denied, so there was a "disagreement" there. And the Government, in the instant civil action, has indicated a "disagreement" by impleading Kelley's brothers and sister.

It is quite clear that appellant is not barred from receiving the proceeds of this policy remaining after the death of Kelley's father by virtue of her remarriage. Trathen v. United States, 3 Cir., 198 F.2d 757.

Since the questions decided by us are sufficient to dispose of this case, it is unnecessary for us to pass on the other points involved—such as the holdings of the District Court that appellant was estopped from claiming the amount paid to the father during his lifetime and that appellant was the beneficiary under the policy by virtue of the acts of Kelley, done with the intent to make her such beneficiary.

For the reasons which we have assigned, the judgment of the District Court is affirmed.

Affirmed.