Vivian D. Bell PAYNE, Administratrix
of the Estate of Dallas Franklin Bell,
Jr., Deceased, Plaintiff,

v.

PIEDMONT AVIATION, INC., Bay Aviation, Inc., Eltra Corporation and Piper
Aircraft Corporation, Defendants.

Civ. A. No. 6054.

United States District Court
E. D. Virginia,
Norfolk Division.

June 19, 1968.

Andrew S. Fine, Frederick P. Aucamp, Norfolk, Va., for plaintiff.

Wayne Lustig, Norfolk, Va., for Piedmont Aviation, Inc.

Henry L. Lam, Virginia Beach, Va., for Bay Aviation, Inc.

James T. Turner, Norfolk, Va., for Eltra Corp.

Harry E. McCoy and Larry M. Wood, Norfolk, Va., for Piper Aircraft Corp.

## MEMORANDUM ORDER

KELLAM, District Judge.

In an opinion filed herein on March 28, 1968, the Court reserved ruling on the issue of the statute of limitations to the claim asserted by plaintiff against Piper Aircraft Corporation (Piper). Following argument on this question, the Court is now called upon to rule on this issue.

The second amended complaint filed herein on December 18, 1967, asserts the right of plaintiff to recover pursuant to Article III, Section 2 of the United States Constitution which extends jurisdiction of the United States Courts to "all cases of admiralty and maritime jurisdiction," as implemented by Title 28, § 1333, etc., of the United States Code, and pursuant to Title 8, Section 633 of the Code of Virginia, 1950, as amended.

The evidence presented in support of the plea establishes that the aircraft in question was manufactured by Piper and sold by contract dated October 24, 1946, to George L. Haller and others; that subsequent to the date of the original sale Piper has not serviced, maintained or controlled said aircraft, nor caused the same to be serviced, maintained or controlled. Subsequent to the sale on October 24, 1946, the aircraft has been sold and/or transferred to some seven or eight different purchasers.

The basis of plaintiff's action against Piper is that it "negligently manufactured and negligently designed said airplane" and that Piper "breached its implied warranty that said airplane was reasonably fit for the purpose for which it was intended and breached its implied warranty that said airplane was merchantable." The complaint alleges numerous acts against other defendants

and then alleges that as a result of the concurring negligence and breach of warranties by all of the defendants,[1] plaintiff's decedent on June 14, 1965, "received injuries resulting in his death" when the airplane crashed.

Piper says that any cause of action against it for negligence in design or manufacture, or breach of implied warranty arose at the time of sale on October 24, 1946, and hence is barred by the statute of limitations of Virginia. Plaintiff does not contest the fact that the statute of limitations of Virginia applies, but plaintiff says the statute does not begin to run from the date of manufacture or sale (October 24, 1946) but from the date the accident occurred, the date of the crash and death (June 14, 1965). The original complaint was filed March 10, 1967, amended October 20, 1967, and December 18, 1967.

Title 8, Section 24 of the Code of Virginia, 1950, as amended provides:

Every action for personal injuries shall be brought within two years next after the right to bring the same shall have accrued. Every personal action, for which no limitation is otherwise prescribed, shall be brought within five years next after the right to bring the same shall have accrued, if it be for a matter of such nature that in case a party die it can be brought by or against his representative; and, if it be for a matter not of such nature, shall be brought within one year next after the right to bring the same shall have accrued. The amendment extending the period within which an action for personal injuries may be brought under this section to two years shall not apply to any cause of action arising prior to July one, nineteen hundred fifty-four.

Plaintiff asserts the right to recover under Title 8, Section 633, as amended, commonly called the Death by Wrongful Act Statute. It provides, in part:

Whenever the death of a person shall be caused by the wrongful act, neglect, or default of any person or corporation, or of any ship or vessel, and the act, neglect, or default is such as would, if death had not ensued, have entitled the party injured to maintain an action, or to proceed in rem against such ship or vessel or in personam against the owners thereof or those having control of her, and to recover damages in respect thereof, then, and in every such case, the person who, or corporation or ship or vessel which, would have been liable, if death had not ensued, shall be liable to an action for damages, or, if a ship or vessel, to a libel in rem, and her owners or those responsible for her acts or defaults or negligence to a libel in personam, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances, as amount in law to a felony. And any right of action which may accrue by reason of such injury done to the person of another shall survive the death of the wrongdoer, and may be enforced against his executor or administrator, either by reviving against such personal representative a suit which may have been brought against the wrongdoer himself in his lifetime, or by bringing an original suit against his personal representative after his death whether or not the death of the wrongdoer occurred before or after the death of the injured person.

Every action under this section shall be brought within two years after the death of the injured person, notwithstanding the provisions of § 8-24.

Attention is called to the language of the statute where it says, "Whenever the death of a person shall be caused by

---

1. The only allegations against Piper being those above set out.

the wrongful act, neglect, or default of any person * * * and the act, neglect, or default is such as would, if death had not ensued, have entitled the party injured to maintain an action * * * and to recover damages in respect thereof."

When does the cause of action for negligence in manufacture or breach of warranty in sale of a product arise? Is it at the time of manufacture or sale, or when the injury was inflicted or the negligence or breach discovered?

Whether the action is in tort for negligence or breach of warranty, or in contract for breach of warranty is of no consequence. This issue was directly answered in Friedman v. Peoples Service Drug Stores, Inc., 208 Va. 700, 160 S.E.2d 563. There the Court was dealing with an action for damages for personal injuries resulting from the alleged negligence and breach of contract and warranty in the preparation of a medical prescription. In disposing of the issue of the statute of limitations, the Court said—160 S.E.2d 563, 565—

As this court said in the early case of Birmingham v. Chesapeake, & etc., R. Co., 98 Va. 548, 551, 37 S.E. 17, the object of an action and not its form determines which statute of limitations is applicable. See also Carva Food Corporation v. Dawley, 202 Va. 543, 546, 118 S.E.2d 664, 667. In the case at bar, it is clear that plaintiff's object was to recover damages for personal injuries allegedly sustained through defendant's failure to properly fill his prescription for medicine.

We are aware of the division of authority that exists as to which statute of limitation applies in an action for personal injuries grounded upon the breach of an implied warranty. This conflict of authority is discussed in 37 A.L.R.2d 703, et seq. There it is stated that "[t]he more commonly accepted view would seem to be that an action to recover for personal injuries is, in essence, a personal injury action, and, regardless of whether it is based upon an alleged breach of an implied warranty or is based upon an alleged tort, the limitations statute governing actions for personal injuries is controlling." 37 A.L.R.2d at 704. See also 34 Am. Jur., Limitation of Actions, § 103, pp. 83, 84.

The first sentence of § 8–24, which states "[e]very action for personal injuries shall be brought within two years next after the right to bring the same shall have accrued" is clear and specific. It does not say that the limitation applies only to tort actions. The limitation applies to "[e]very action for personal injuries", whether it is based upon tort or contract. Since we find that plaintiff's object was to recover damages for personal injuries, it follows that the two-year limitation contained in § 8–24 is applicable.

Returning to the issue of when the statute of limitations commenced to run, the Supreme Court of Appeals of Virginia has consistently held that it begins to run from the time of the wrongful or negligent act, and not from the time of the injury. Richmond Redevelopment and Housing Authority v. Laburnum Construction Corp., 195 Va. 827, 80 S.E.2d 574; Street v. Consumers Mining Corp., 185 Va. 561, 39 S.E.2d 271, 167 A.L.R. 886; Culpeper National Bank v. Tidewater Improvement Co., 119 Va. 73, 89 S.E. 118; City of Richmond v. James, 170 Va. 553, 197 S.E. 416, 116 A.L.R. 967. See also Hawks v. De Hart, 206 Va. 810, 146 S.E.2d 187; Morgan v. Schlanger, 374 F.2d 235 (4th Cir. 1967); Riley v. United States, 212 F.2d 692, 44 A.L.R.2d 1182 (4th Cir.); Greeson v. Sherman, 265 F.Supp. 340 (D.C.Va.1967).

In Street v. Consumers Mining Corp., supra, the decedent's personal representative brought a wrongful death action against decedent's employer, alleging that decedent contracted silicosis from inhaling large quantities of rock

dust during the course of his employment. It was disclosed he had been advised by his physician in 1940 that he had been suffering from silicosis for 10 or 15 years. He died October 18, 1942. The Court held that the statute of limitations began to run from the time of the wrongful act, and that the personal representative was barred from maintaining the action, as the decedent's right of recovery was barred at the time of his death, and could not be transmitted to the personal representative. The Court said in 39 S.E.2d 271 at 272:

> The right of Noah Street to bring an action for his alleged injuries accrued when the wrong was done to him and not at the time of the damage. The foundation of his right was the alleged wrong. City of Richmond v. James, 170 Va. 553, 567, 197 S.E. 416, 116 A.L.R. 967. Under Virginia Code, 1942, (Michie), section 5818, that right expired at the expiration of one year next after the right to bring the same had accrued.

The rule that the statute of limitations begins to run from the time of the commission of the wrongful or negligent act is well stated in 17 R.C.L. 764: "Therefore, as a general rule, where an injury, though slight, is sustained in consequence of the wrongful or negligent act of another and the law affords a remedy therefor the statute of limitations attaches at once. It is not material that all the damages resulting from the act should have been sustained at that time and the running of the statute is not postponed by the fact that the actual or substantial damages do not occur until a later date. The act itself is regarded as the ground of the action and is not legally severable from its consequence. The statute then begins to run, and not from the time of the damage or discovery of the injury." See also 34 Am.Jur., Limitation of Actions, section 160 et seq.

In Scott v. Rinehart & Dennis Company, 116 W.Va. 319, 180 S.E. 276, a silicosis case based upon grounds of negligence similar to those of this case, it is said in the syllabus by the court: "A cause of action under Code 1931, 55–2–12 (a statute of limitations), arises when the wrong is inflicted. Mere ignorance of the injured person of the actionable wrong does not suspend the operation of the statute."

In discussing the application of a statute of limitations, the court further said:

> "The period within which actions of this character must be brought is 'one year next after the right to bring the same shall have accrued, and not after.' Code, 1931, 55–2–12. Curry v. [Town of] Mannington, 23 W.Va. 14; Kuhn v. Brownfield, 34 W.Va. 252, 12 S.E. 519, 11 L.R.A. 700. This statute has come to us from the mother state, being in the Revised Code of Virginia of 1819, chapter 128, section 4, and the Virginia Codes of 1849 and 1860, chapter 149, § 11. The language of the statute has varied slightly since 1819, but not its meaning. Both the Virginia and the West Virginia courts of last resort have consistly held that the right of action accrues when the wrong is committed, and in the absence of some act of concealment by the wrongdoer, the mere ignorance of the injured party of the actionable wrong will not suspend the statute."

> *NOTE*: The statute has since been changed to 2 years. Section 5818 is now Section 8–24.

Again in Richmond Redevelopment and Housing Authority v. Laburnum Construction Corp., supra, plaintiff sought to recover damages to its building allegedly resulting from a gas explosion resulting from defective workmanship and materials furnished by defendant. The suit was brought one year after the explosion but five years after the work was done. The Court held the statute of limitations began to run on an action for

breach of express and implied warranty when the work was done. The Court said in 80 S.E.2d 574 at 580:

This court, from early times, has adhered to the general rule, which is not controverted by the plaintiff, that the limitation begins to run from the moment the cause of action accrues and not from the time it is ascertained that damage has actually been sustained. McAlexander v. Montgomery, 1832, 4 Leigh 61, 31 Va. 61, citing with approval Wilcox v. Plummer's Ex'rs, 1830, 4 Pet. 172, 7 L.Ed. 821. See also Huston's Adm'r v. Cantril, 1840, 11 Leigh 136, 38 Va. 136; Winston v. Gordon, supra, 115 Va. 899, 80 S.E. 756; Culpeper Nat. Bank v. Tidewater Improvement Co., 119 Va. 73, 89 S.E. 118.

In the cases above cited the existence of the cause of action was equally as difficult of ascertainment as the cause of action in the case at bar. The difficulty in ascertaining the fact that a cause of action exists plays no part in the general rule.

It is clear the statute would have been a bar to any action instituted by the plaintiff's decedent in his lifetime for the neglect or wrongful act here complained of. In fact, plaintiff does not dispute this. But, the issue is the same whether the action is brought by the injured party in his lifetime, or is brought under the death by wrongful act statute after his death. The right to recovery is based on the same statement of facts.

Plaintiff contends that the language in Title 8, Section 633, namely, "Every action under this section shall be brought within two years after the death of the injured person, notwithstanding the provisions of § 8–24" means that the statute commences to run from the date of the death, and not from date of the negligent or wrongful act. That is to say, that even though the statute had already run as to the right of the deceased to maintain the action, it is revived and extended for two years after

his death. And he says this is so even though the statute 8–633 says, "the act, neglect, or default is such as would, if death had not ensued, have entitled the party injured to maintain an action."

This same contention was made in Street v. Consumers Mining Corp., supra. After quoting the above mentioned language from the statute [the statute was then section 5786 of the Code of Virginia, and the limitation then one year— now two years] the Court said—39 S.E. 2d 274:

There are two lines of authority as to the point of time which marks the commencement of a statute limiting the right of action for death by wrongful act. The decisions are hopelessly conflicting due to the difference in the statutory conditions under which they were rendered and the factual situations under which the particular statutes applied. 16 Am.Jur., Death, section 175.

It is the contention of the appellant that no right of action accrued under section 5786 until the death of Street, and that the action of his personal representative is not a continuation, survival, or revival of decedent's cause of action, but a new and independent cause of action, in which neither the measure of the damages nor the beneficiaries are the same as in an action brought by the decedent, and that the statute allows such new action to be brought within one year after the death of the injured person.

\* \* \* \* \* \*

In Virginia we have expressed the same views as those of the English courts, the Supreme Court of the United States and many other courts of this country. We have definitely held in Brammer's Adm'r v. Norfolk & W. R. Co., 107 Va. 206, 57 S.E. 593, and Virginia Electric & Power Co. v. Decatur, 173 Va. 153, 3 S.E.2d 172, 175, 4 S.E.2d 294, that our statutes create no new cause of action; but simply continue, transmit, or substitute the right to sue which the dece-

dent had until his death, the effect of which is to permit the personal representative to pick up the abated right of the deceased and prosecute it for the benefit of decedent's beneficiary. This is based on the provision in our statutes which allows a right of action only if the deceased could have maintained an action for the same wrongful act, "if death had not ensued," and upon the peculiar language of sections 5786 and 5790 relating to the survival and revival of actions against the wrongdoer, in the event of the death of either the injured person or the wrongdoer.

See also the language in Brammer's Adm'r v. Norfolk & W. R. Co., 107 Va. 206, 57 S.E. 593; Va. Electric & Power Co. v. Decatur, 173 Va. 153, 3 S.E.2d 172, 175, 4 S.E.2d 294.

Again, the following from Street v. Consumers Mining Corp., supra, 39 S.E. 2d 276—

In 39 A.L.R. 579, this is said: "By the great weight of authority, however, where the statute in effect gives a remedy to recover damages where the death of a person is caused by the negligent or wrongful act of another such remedy depends upon the existence in the decedent, at the time of death, of a right of action to recover damages for such injury; * * * ".

In support also is 25 C.J.S. Death § 56, page 1163: "Where the action for death is under a survival statute or is dependent on the existence of a cause of action in favor of decedent at the time of his death, the action is barred if at the time of death the applicable statute had run against decedent's right of action. There is some authority to the contrary." See further in this connection, L.R.A. 1915E, 1095, 1105 and 1178.

Every right of action given under section 5786 is qualified by the express condition that it may be brought where "the wrongful act, neglect, or default * * * is such as would (if death had not ensued) have entitled

the party injured to maintain an action." The language "Every such action," in section 5787 refers to such an action as the party injured had the right to "maintain" under section 5786.

The 1926 amendment to section 5786 expressly provides that a right of action shall "survive" the death of the wrongdoer. Code, section 5790, embodies the same provision, and further provides that where an action is brought by a person injured who dies pending the action, the action shall not abate by reason of his death, but may be revived in the name of his personal representative.

Whether the right of action given the personal representative be regarded as a survival of the right of action of his decedent, as a revival of the right, as a substituted right, or as a new right, the cause of action is the same, that is, the wrongful injury to the decedent, the wrong which entitled him to maintain an action, if death had not ensued.

Section 5786, prior to its amendment in 1942, provided that "Every action under this section" by the personal representative should be brought "within one year next after the right to bring same shall have accrued." If an injured person failed to bring his "action under this section" within that year his right of action expired. If it had expired at the time of his death, his death did not revive or renew the right. The extinguishment of his right by the lapse of the specified time was as complete and as effectual as if it had been extinguished by judgment, compromise, or release.

The words "Every action under this section" were retained in the 1942 amendment. They still qualified the condition under which the personal representative could maintain an action. Therefore, if the right of action of the injured person has expired at the date of his death, there is no right of action left which the personal representative can exercise.

The effect of the 1942 amendment is to give the personal representative a right of action within one year after the death of the injured person, provided that person had a right of action at his death, bringing section 5786 in harmony with that of the first sentence of section 5787.

The cause of action for the alleged neglect or wrongful act in this case arose more than two years prior to the time of filing the action—in fact more than five—or ten years prior thereto, and the plea of the statute of limitations filed by Piper is sustained and this action dismissed as to it.